## BRINDERNAGLE *vs.* THE GERMAN REFORMED CHURCH.

A mortgage was executed in the name of a corporation, and under its corporate seal, by persons claiming to be the trustees thereof; and a bond collateral to such mortgage was at the same time executed by such persons. Subsequently a suit was commenced against the persons executing the mortgage, by certain other persons who claimed to be the rightful trustees of the corporation, to enforce their rights as such trustees. Pending that suit the mortgagee filed a bill to foreclose his mortgage, against the corporation by its corporate name, and against the obligors in the bond. And he obtained the usual decree of foreclosure, and a decree over against the obligors in the bond, for the deficiency, if any. The per-

sons who brought the suit first mentioned were afterwards, by a decree in that suit, declared to be the rightful trustees of the corporation, and the persons who executed the mortgage as trustees were decided to have usurped the powers of the corporation. Those who were declared to be the lawful trustees not having been made parties to the bill of foreclosure, nor served with the process of subpœnâ against the corporation; *Held,* that the decree in the foreclosure suit was irregular as against the rightful trustees of the corporation, and was not binding upon such corporation. The decree, and all proceedings subsequent to the filing of the bill of fore- closure, were therefore set aside, and the bill was dismissed; but without prejudice to the right of the complainant to proceed in a new suit, at law or in equity, to recover the debt alleged to be due upon his bond and mortgage.

THIS case came before the chancellor upon appeal by C. Schwab, one of the defendants, from an order of the vice chan- cellor of the first circuit. The bill was filed in this cause to foreclose a mortgage, executed in the name of the corporation of the German Reformed Church in the city of New-York, and under its corporate seal, by the appellant and others, claiming to be the trustees of such corporation; and a bond was at the same time executed by Schwab and his associates, conditioned to pay the moneys intended to be secured by the mortgage. Shortly after the giving of this bond and mortgage the suit of *Gable and others* v. *Miller and others,* as reported in 10 *Paige's Rep.* 627, was commenced, against Schwab and his associates, to enforce the claim of the complainants in that suit to be the rightful trustees of the church and corporation. Pend- ing that suit, the complainant in this case filed a bill, to foreclose his mortgage, against the corporation by its corporate name, and against the appellant and others as the obligors in the bond. And he obtained the usual decree of foreclosure by default, and a decree over against Schwab and the other persons who were liable upon the bond, for the deficiency, if any, upon the sale of the mortgaged premises under the decree. But as the suit was commenced against the corporation by serving the subpœna upon those who were decreed, in the suit of *Gable* v. *Miller and others,* to have usurped the powers of the corporation, and those who were declared to be the rightful trustees of the cor- poration were not made parties to the suit, or served with the process of subpœna, against the corporation, in this foreclosure

suit, the complainant considered it unsafe and useless to proceed to a sale of the mortgaged premises under his decree. He therefore applied to the appellant and his associates to pay the bond and mortgage, and offered to assign to them the bond and mortgage and decree, upon being paid the amount thereof. This application being declined, he presented his petition to the vice chancellor to be permitted to sue the appellant and his associates, at law, upon their bond, or for such other relief as he might be entitled to under the circumstances of the case. The vice chancellor made an order allowing the complainant to commence and prosecute a suit at law upon the bond, for the recovery of his debt, notwithstanding the commencement of this suit and the decree therein. From this order the defendant C. Schwab appealed.

*D. M. Cowdrey*, for the appellant.

*T. Hastings*, for the respondent.

THE CHANCELLOR. The respondent was undoubtedly entitied to relief in this case, as he could not safely bid upon the property under a decree which was irregular as to the rightful officers of the corporation, in case the decision of the chancellor in the case of *Gable v. Miller and others* should be eventually sustained, upon the appeal which it is understood has been taken to the court of dernier resort. Whether a bona fide purchaser who had no notice of such irregularity would not be protected under a decree which was apparently rightfully obtained against the corporation, by its corporate name, it is not necessary now to decide. But the complainant himself was not bound to take the responsibility of bidding upon the property, under a decree which was irregular; and which would be set aside in case an application for that purpose should be made by the rightful officers of the corporation within a reasonable time. He could not, however, be allowed to retain the decree as rightfully obtained and at the same time so far repudiate it as to sue the defendants at aw upon the bond. For, such a proceeding was inconsistent

with the decree; which only declared them contingently liable for the deficiency, if any there should be, upon a sale of the mortgaged premises under that decree. The proper relief to be granted, under the circumstances of the case, was to set aside the irregular decree, and to dismiss the complainant's bill; without prejudice to his right to sue at law upon the bond, or to file a new bill to foreclose his mortgage, if he should be advised to do so, after the final decision of the court of dernier resort in the case before referred to.

The order appealed from must therefore be so far reversed and modified as to set aside the decree in this suit, and all proceedings subsequent to the filing of the complainant's bill, and to direct the bill itself to be dismissed, without costs and without prejudice to the complainant's rights to proceed hereafter at law or in equity as he may be advised, to recover the debt due upon his bond and mortgage. And neither party is to have costs as against the other upon this appeal, or upon the application to the vice chancellor.