SCHOONMAKER et al. v. PRENDERGAST, City Comptroller, et al.

(Supreme Court, Appellate Division, Second Department.  January 7, 1916.)

1. EMINENT DOMAIN ⬡145—TAKING PROPERTY FOR STREET—ASSESSMENT FOR BENEFITS—SET-OFF OF AWARD—STATUTE.

Greater New York Charter (Laws 1901, c. 466) § 1007, provides that, whenever an estimate for loss and damage and an assessment for benefit and advantage shall be made by the commissioners of estimate and by the commissioner of assessment relative to the same person or persons, no interest shall be demanded on the benefit assessed, except on the excess above the amount he is to receive for any intervening time between the period fixed for the receipt of the amount of benefit and the payments of damage.  In a proceeding to acquire title to land for a street, an award was made to unknown owners and paid, with interest, by the comptroller to the chamberlain.  Later assessments for benefits were made for a larger amount.  Part of the award was due mortgagees to discharge a deficiency judgment entered upon foreclosure on the land taken and not taken, but the chamberlain refused to deliver warrants to them on account of the unpaid assessment.  The mortgagees indorsed the warrants to the collector of assessments and offered to pay a balance due: a dispute arising as to its amount.  *Held*, that the award so used to pay the assessment did not become offset as of the time when the assessment became due, but when the award was tendered.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. ⬡145.]

2. EMINENT DOMAIN ⬡145—TAKING PROPERTY FOR STREET—ASSESSMENT—SET-OFF OF AWARD—STATUTE.

Under such charter provision, where an award was made to unknown owners of land to be taken for a street, and it was determined that part of the award was due first mortgagees to discharge a deficiency judgment entered upon foreclosure on the land taken and not taken, and that the remainder of the award should be paid to a second mortgagee, the interest of such second mortgagee in the award could not be used by the first mortgagees without its consent in reduction of an assessment for benefit and advantage upon the land made after its purchase by the first mortgagees on foreclosure, since the assessment could relate only to the first mortgagees, owners after the foreclosure, so that the assessment was related only to the first mortgagees, while the award was related to the owner and the two mortgagees when it was made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. ⬡145.]

Appeal from Special Term, Queens County.

Mandamus by Adrian O. Schoonmaker and others against William A. Prendergast, as Comptroller of the City of New York, and another. From an order granting a peremptory writ, the Comptroller appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Joel J. Squier, of New York City (George E. Draper, of New York City, on the brief), for appellant.

Horace W. Palmer, of New York City (Charles A. Taussig, of New York City, on the brief), for respondents.

THOMAS, J.  [1] In a proceeding to acquire title to land for a street, an award to unknown owners was made.  Later assessments

for benefits were made for a larger amount. The comptroller paid the award, with interest, to the chamberlain. Later the court confirmed a report of a referee that a part of the award was due the Schoonmakers, the petitioners, to discharge a deficiency judgment' entered upon the foreclosure of a mortgage on the land taken and not taken, and that the remainder of the award should be paid the Edgar Improvement Company, a second mortgagee. Later the chamberlain prepared warrants for the several sums, but refused to deliver them by reason of the unpaid assessment. Then the Schoonmakers and Edgar Improvement Company severally indorsed the warrants to the collector of assessments, and the petitioners offered to pay a balance due. But thereupon a difference arose as to the amount of the balance. The respondent contends that the whole award may be set off against the assessment as of the date when the assessment became due and payable, and hence interest-bearing. The city, as I understand, insists that no part of the award may be offset, save as of the date when it was tendered. Greater New York Charter, § 1007, provides:

"Whenever an estimate for loss and damage, and an assessment for benefit and advantage shall be made by the commissioners of estimate and by the commissioner of assessment relative to the same person or persons, no interest shall be demanded from such person or persons upon the amount assessed for the benefit and advantage, except on the excess of the amount he is to pay over and above the amount he is to receive for or in consequence of any intervening time between the period fixed for the receipt of the amount of benefit and advantage and the payments of the amount of loss and damage."

The appellant contends that the right to set off awards against assessments under section 1007 of the charter ceases upon the payment of the awards into court, pursuant to section 1002 of the charter. That contention is not consistent with the refusal of the chamberlain to pay the award until the assessment shall be satisfied. It is true that section 1002 of the charter provides that payment to the chamberlain—

"shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties, and persons, respectively, themselves, according to their just rights, as if they had been known and had all been present, of full age, and compos mentis."

That may be so for some purposes and under some conditions, but not absolutely so where there is an assessment for the payment of which the award is bound. In such case the chamberlain may detain the awards, with the full power which he exercised in the present instance, until the payment of the assessment. I am not informed in what way, if any, the city can compel the application of the award to the payment of the assessment, and unless the person liable to pay the assessment—in the present instance, the Schoonmakers—own all the award, I do not perceive how they can apply it all to the payment of the assessment. I will later advert to that. The owner of the award may, or may not, use it to pay the assessment. But may he wait as he pleases without exercising his choice to use the award, or his interest therein, towards the payment of the assessment, and then insist that it became offset as of the time when the assessment became

due? There is an evident unfairness in giving such scope to the owner of the award. But the statute is broad enough to permit it, and if injustice result the correction should be made by the Legislature. If, however, the statute permits the owner of the award to choose his time for using the award to pay the assessment, and he finally decides to apply it as of the time the assessment became due, it should be applied with such interest as it had earned to that date. It is an impossible conception that the statute intended that the award, itself become an offset at a given date, should for the purpose of drawing interest be deemed existent.

[2] But the principal question presented here is whether the interest of the Edgar Improvement Company in the award can be used. That depends upon the inquiry whether the award and assessment are "relative to the same person or persons." When the award was made, there were three persons related to it—the owner of the equity of redemption, and, so far as shown, the two mortgagees, Schoonmakers and Edgar Improvement Company. The assessment entered August 13, 1913, related to the land and whoever owned it. But the Schoonmakers at that date owned the land, for they bought on the foreclosure sale on July 9, 1913. Their deficiency judgment was entered on March 6, 1914. An assessment entered on August 13th could relate only to the purchaser, the Schoonmakers. Hence the award was related to the owner and two mortgagees when it was made, and the assessment was related alone to the purchaser, the new owners of the fee, inasmuch as it did not exist when the award was made. Therefore the Edgar Improvement Company was never related to the award and the assessment. But the Schoonmakers were related to the award, and also to the assessment laid on the land after they bought it; they were entitled to a deficiency judgment, payable out of the award, and I do not regard it as important that the judgment was not entered until after the assessment was entered. They may insist that their interest in the award be set off against the assessment as of the due date of the assessment; but I perceive no reason for permitting them to use the Edgar Improvement Company's interest in the award for a similar credit to pay an assessment to which that company was a stranger. Of course, the Schoonmakers could apply the Edgar Company's interest in the award with its consent; but the real test is, Could they do it at any time as of the date when the assessment was laid? They could not: (1) Because they did not own it; (2) because the Edgar Company were not related to the award and assessment at any time. Indeed, it may be added that the Edgar Company never had any advantage in paying their own money to discharge the assessment, and it would have been a mere sacrifice of their interest in the award to do so. In the Matter of Schott, 159 App. Div. 824, 145 N. Y. Supp. 18, the mortgagee purchased upon foreclosure, and the assessment was later entered, for which it was said the purchaser was alone liable. He was allowed to offset the award to the extent of the deficiency judgment. I find no principle or authority that prevents the purchasers Schoonmakers offsetting their interest in the award as of the due date of the assessment, or permitting them to tack to their own share

of the award that of the Edgar Improvement Company, total strangers to the assessment, for the obvious purpose of reducing the excess assessment on which interest must be paid.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.