ARCHER v. ARCHER et al.

(Supreme Court, Appellate Division, Second Department.   March 10, 1916.)

1. APPEAL AND ERROR ☞1199—AFFIRMANCE—PROCEEDINGS IN LOWER COURT
   —VACATION OF JUDGMENT.
       An order vacating a judgment, even after affirmance of the judgment,
   is within the inherent power of the court, where in a later action facts
   were disclosed fatal to it, showing that it was given under a misappre-
   hension of true facts and in breach of trust.
       [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4674–
   4676;  Dec. Dig. ☞1199.]

2. APPEAL AND ERROR ☞113(1), 982(1)—VACATION OF JUDGMENT—REVIEW.
       An order vacating a judgment is subject to review at the Appellate
   Term;  but the question on review is whether the discretion of the term
   making the order was abused, in the absence of evidence of which it
   must be affirmed.
       [Ed. Note.—For other cases, see Appeal and Error;  Cent. Dig. §§ 758,
   3877, 3878;  Dec. Dig. ☞113(1), 982(1).]

3. JUDGMENT ☞343—VACATION—DISCRETION OF COURT—ABUSE—EVIDENCE—
   SUFFICIENCY.
       Where the court which has tried a case and rendered judgment is
   thereafter informed of facts showing that the judgment was contrary to
   law, involved a breach of trust, was unjust to the rights of the defeated
   party, and was rendered under a misapprehension of the true facts, it
   could not be said that to vacate the judgment was to abuse its discretion.
       [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 672, 677;  Dec.
   Dig. ☞343.]

4. JUDGMENT ☞394—VACATION—FURTHER PROCEEDINGS.
       Where judgments against defendant are on motion vacated on the
   ground that they are contrary to law, involved a breach of trust, and
   were unfair to the litigants, the plaintiff should not be deprived of his
   remedy, but was entitled to a hearing on the merits, on conditions to be
   imposed on the moving party.
       [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 756;  Dec. Dig.
   ☞394.]

Appeal from Special Term, Rockland County.

Action by Fannie F. Archer against Margaret Archer and others.
From an order vacating judgments of foreclosure, plaintiff and de-
fendant George Archer appeal.   Modified and affirmed.

See, also, 164 App. Div. 81, 149 N. Y. Supp. 426.

Argued before JENKS, P. J. and THOMAS, CARR, MILLS, and
RICH, JJ.

Charles F. Brown, of New York City, for appellant.

Leon R. Jillson, of New York City, for respondents.

PER CURIAM.   The Special Term on motion has vacated judg-
ments of foreclosure which the Special Term (the same justice presid-
ing) had rendered, and of which one had been affirmed by us.   147
App. Div. 45, 131 N. Y. Supp. 661.   The Special Term recites that
it granted the motion because, subsequent to those judgments, it dis-
covered, found, and adjudged, in a later action (which involved the
same parties), facts which it considers were fatal to the judgments,

in that the judgments were unnecessary, contrary to law, and in breach of trust, and because those judgments were granted under a complete misapprehension of the "true facts," and because it now believes that the actions were framed fraudulently to defeat the property rights of the defendant, and because those judgments were wholly unjust.

[1, 2] Such an order is within the inherent power of the court (Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800; Vanderbilt v. Schreyer, 81 N. Y. 646), which could be exercised when this order was made (Seaman v. Clarke, 75 App. Div. 345, 78 N. Y. Supp. 171; Hatch v. Central National Bank, 78 N. Y. 487; Ladd v. Stevenson, 112 N. Y. 332, 19 N. E. 842, 8 Am. St. Rep. 748; Donnelly v. McArdle, 14 App. Div. 217, 43 N. Y. Supp. 560). Such an order, although within the discretion of the Special Term, is subject to our review, for this court and the Special Term are both of the Supreme Court. We think, however, that we should not consider such an order exactly as if an original application therefor had been addressed to us. The question before us is whether that exercise of the discretion of the Supreme Court by the Special Term thereof should be approved. While our decision involves an exercise of the discretion of the Supreme Court, and our disposition of the order likewise, it is a discretion to be exercised upon review. And we should neither reverse nor modify the action of the Special Term, unless we are convinced that the application did not justify its exercise of the discretion of the Supreme Court.

[3] We cannot say that the order of vacation should not be sustained. Examination of the record on appeal shows that the pleadings did not present the questions now indicated by the Special Term in its order, but that the questions both litigated and presented on the appeal, principally, if not entirely, were confined to the construction of a will. If the court that tried the case was apprised, subsequent to the rendition of judgment, of facts which impressed it that judgment was contrary to law, involved a breach of trust, was unjust to the rights of the defeated party, and was rendered under a misapprehension of the "true facts," then it cannot be said that the Special Term did not exercise its discretion (to quote the expression in Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748) "for sufficient reason, in the furtherance of justice." See, too, Kelly v. Bell, 17 N. J. Law, 270; Black on Judgments (2d Ed.) § 322; Wetmore v. Law, 34 Barb. 515, cited in Matter of New York, Lack. & W. Ry. Co., 40 Hun, 138. The omission to plead so that these questions could have been litigated could be taken into consideration by the Special Term. Nash v. Wetmore, 33 Barb. at page 159; McCredy v. Woodcock, 41 App. Div. 526, 58 N. Y. Supp. 656.

[4] Our approval of the order of vacation does not import that we affirm the conclusions of the court as to the facts as recited in its order, or as to the legal effect thereof. If the judgments are vacated, and the defendants permitted to litigate the questions which have impressed the Special Term and have moved it to grant this relief, there will be opportunity to present the facts and to apply the law

at a trial. The plaintiff should not be deprived summarily of her right to litigate, in this action, her claim against the defendants, and hence she should not be forced as a defendant to adjudication of her claim in the later action to impress the trust. And the relief granted by this motion should be upon terms imposed upon the moving party. Early v. Bard, 93 App. Div. 476, 87 N. Y. Supp. 650; Born v. Schrenkeisen, 52 N. Y. Super. Ct. 219, affirmed 110 N. Y. 55, 17 N. E. 339.

Therefore the order is modified, by providing that the judgments be vacated, with leave to the defendants to serve further answers herein, if so advised, within 10 days, upon payment of the costs of the actions up to date and of this motion, and provided the defendants forthwith stipulate to continue the trial subject to the direction of the Special Term. As so modified, it is affirmed, without costs of this appeal.

