In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired in Fee to the Real Property Required for the Widening of Boscobel Avenue from Jerome Avenue to University Avenue in the Borough of The Bronx, City of New York.

TERRILLSEN CORPORATION, Appellant; GEORGE GIAQUINTO and Others, Respondents.

First Department, November 9, 1934.

*Sidney S. Levine*, for the appellant.

*George J. Kirschenstein* of counsel [*Jacob Marx*, attorney], for the respondents.

*Dominic L. O'Reilly* of counsel [*Walter J. Egan* and *James Regan FitzGerald* with him on the brief; *Egan & O'Reilly*, attorneys], for the respondent.

UNTERMYER, J.   On January 25, 1926, the St. Martin Realty Co., Inc., then the owner of three parcels of land, executed to Dashview Building Corporation upon the parcel known as parcel No. 1 its second mortgage for $138,800, which by various assignments became the property of Jacob O. Pedersen.   Defaults having occurred upon this mortgage, an agreement, described in the record as a "spreading agreement," was executed between Pedersen and St. Martin Realty Co., Inc., on October 27, 1930, whereby, among other things, it was provided that the lien of Pedersen's mortgage on parcel No. 1 be spread to include the other two parcels owned by St. Martin Realty Co., Inc., described in the agreement as parcels Nos. 2 and 3.   Parcel No. 2 was subject to a first mortgage for $21,000.   The spreading agreement also contained provisions whereby parcel No. 2 might be released from the lien of the mortgage upon payment of $7,500 on account of the mortgage debt.   It is not contended, however, that the St. Martin Realty Co., Inc., or its assignees have at any time paid or tendered the amount necessary to release parcel No. 2 from the lien of the mortgage.

In June, 1931, the city of New York acquired title to a portion of parcel No. 2 by condemnation.   In the condemnation proceedings it is referred to as "Damage No. 57."   In April, 1932, St. Martin Realty Co., Inc., assigned to George Giaquinto, the president, and Pietro Vuolo, the secretary and vice-president of that corporation, any award resulting from the taking by the city of

damage parcel No. 57. This assignment is challenged as made without sufficient consideration and in fraud of creditors, but for reasons which will soon appear we deem it unnecessary to determine that question on this appeal.

Default in the payment of interest and taxes again occurred, and the petitioner, Terrillsen Corporation, to which the mortgage, reduced to $97,800, had been assigned on May 2, 1932, in June of that year commenced an action to foreclose its mortgage on parcels 1, 2 and 3. The action resulted in a judgment of foreclosure entered on July 26, 1932, pursuant to which the premises were sold on September 2, 1932. The judgment in the foreclosure action refers to parcel No. 2 in the spreading agreement as parcel No. 3, but for convenience we will continue to refer to it as parcel No. 2. So much of that parcel as was not taken by the city was sold subject to the first mortgage for $21,000, and, together with the remaining two parcels, was bought in by the plaintiff in that action, resulting in a deficiency judgment in favor of the Terrillsen Corporation against the St. Martin Realty Co., Inc., for $101,548.02.

On January 5, 1934, final decree was entered awarding damages of $51,500 for so much of parcel No. 2 as was taken in the condemnation proceedings, with interest of $7,836.58. This motion was thereafter made upon notice to all interested parties for an order directing the comptroller to apply the award, which with further accumulations of interest amounted to $60,651.87, first to payment of taxes, assessments and water rents, amounting to $3,077.59, then in payment of the first mortgage of $21,000, with interest thereon, and the balance (approximately $36,092) in reduction of the Terrillsen Corporation's deficiency judgment of $101,548.02. That motion was opposed by St. Martin Realty Co., Inc., and by George Giaquinto and Pietro Vuolo, its assignees.

The Special Term did not undertake to decide the rights of the parties on the motion, but referred the matter to a referee to hear and report to the court upon the rights of the respective claimants to the award. We think the court erred in making this disposition of the motion. A reference is frequently useful, and sometimes necessary, to determine controverted questions of fact, but it should not be resorted to where the conceded facts permit of the complete disposition of the motion upon issues of law. (*Matter of Hanlein*, 65 App. Div. 159.) We think upon the undisputed facts the Terrillsen Corporation was entitled to the relief which it sought without the necessity of any reference.

When the city acquired a portion of parcel No. 2 all pre-existing liens and titles were extinguished (*Gates* v. *De La Mare*, 142 N. Y. 307), and instead there came into existence the right to compensa-

tion.  The award to be made was substituted for the land in respect to all the interests dependent upon and incident to it.  (*Utter* v. *Richmond*, 112 N. Y. 610; *Bank of Auburn* v. *Roberts*, 44 id. 192; *Van Loan* v. *City of New York*, 105 App. Div. 572.)  The fund thus created was not sold in the foreclosure.  The foreclosure only extinguished the lien of the mortgage on the remainder of the property and measured the extent of the deficiency.  The fund remained in the hands of the court for distribution, subject to an equitable lien to the extent of any deficiency which the land sold did not pay.  (*Matter of City of Rochester*, 136 N. Y. 83; *Matter of Mayor* [*Morris Ave.*], 118 App. Div. 117.)  It follows that the award, amounting with interest to $60,651.87, was charged with the payment of the first mortgage of $21,000 and interest (*Matter of City of New York* [*East River Park*], 184 App. Div. 509; affd., 226 N. Y. 640) and with the deficiency judgment of $101,548.02 held by the Terrillsen Corporation.  Upon the entry of the judgment of foreclosure, the right of the owner, of which it had not attempted to avail itself, to obtain a release of parcel No. 2 upon payment of $7,500 was irrevocably lost (*Fulton* v. *Jones*, 167 App. Div. 765), if indeed it was not lost upon default.  (*Clason's Point Land Co.* v. *Schwartz*, 237 App. Div. 741; *Werner* v. *Tuch*, 52 Hun, 269.)  The privilege perished in any event upon extinction by foreclosure of the mortgage by which it was conferred.  Thereafter all that remained was the judgment for a deficiency, operating as an equitable lien upon the fund which resulted from the acquisition of the land by the city.  The owner could not reserve the privilege indefinitely to avail or not avail itself of it, depending upon whether the award thereafter made might be greater or less than the sum required to exercise the privilege.

It is contended, however, that the first mortgage of $21,000 ought not to be paid exclusively out of the award, because this will discharge that mortgage as a lien upon so much of parcel No. 2 as the city did not take, thus augmenting the equity therein.  Assuming this ordinarily to be true, the argument is answered by the fact that if no part of the first mortgage is paid out of the award there still will be no surplus for the owner or its assignees, because the deficiency judgment exceeds by $43,973.74 the amount of the award and the lien of the city for taxes and assessments.  By consenting to the satisfaction of the first mortgage entirely out of the award and reducing its deficiency judgment correspondingly the Terrillsen Corporation is, in effect, paying that mortgage out of its own funds.

There is also a claim by attorneys for professional services in the condemnation proceedings.  However, by stipulation made in

open court at Special Term the amount of those services was agreed to be $1,819.55, which the Terrillsen Corporation agreed to pay if the motion were granted.

The order appealed from.should be reversed, with twenty dollars costs and disbursements, and the motion of Terrillsen Corporation granted, the interest of said corporation to be subject, however, to the lien of the attorneys for $1,819.55.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion of Terrillsen Corporation granted, the interest cf said corporation to be subject, however, to the lien of the attorneys for $1,819.55. Settle order on notice.