In the Matter of the Application of THE CITY OF NEW
YORK Relative to Acquiring Title to Real Property
Required for the Widening of Houghton and Olmstead
Avenues in the Borough of The Bronx.

NASSAU BEEKMAN INVESTING COMPANY, INC., Appellant;
CHARLES A. LENT et al., Respondents.

(Argued October 4, 1934; decided December 4, 1934.)

*Joseph Gans* and *Hiram S. Gans* for appellant.   The
validity of the transfer of tax lien must be sustained
even if there had been no express concession in the record
that the lien is a valid lien.   (New York Charter, §§ 1027,
1029.)   All liens which existed against the property,
prior to its condemnation or prior to the award being made
therefor, must first be paid out of the award, or the liens
must be otherwise discharged, before any part of the
award is payable to the owner.   (*Utter* v. *Richmond*,
112 N. Y. 610; *Matter of N. Y. C. R. R. Co.*, 60 N. Y. 116;
*Matter of Opening Eleventh Avenue*, 81 N. Y. 436; *Deering*
v. *Schreyer*, 171 N. Y. 451; *Bank of Auburn* v. *Roberts*,
44 N. Y. 192; *Matter of Beach Second St., Far Rockaway*,
141 Misc. Rep. 820; *Matter of City of New York* [*East
River Park*], 184 App. Div. 509; *Engelhardt* v. *City of
Brooklyn*, 3 Misc. Rep. 30; *Matter of Washington Ave.*,
34 Misc. Rep. 655; *Seton* v. *City of New York*, 130 App.
Div. 148; *Carpenter* v. *City of New York*, 44 App. Div.
230; *Deering* v. *New York*, 51 App. Div. 402; *Van Loan*
v. *New York*, 45 Misc. Rep. 482; 105 App. Div. 572;
*Matter of Schott*, 159 App. Div. 824.)   Taxes and assess-
ments imposed on the remainder of a piece of property
after title to the condemned portion thereof is vested in
the city may not be offset against the award made for
such condemned portion.   (*Deering* v. *Schreyer*, 171
N. Y. 451; *Merriman* v. *City of New York*, 227 N. Y. 279;
*Matter of City of Rochester*, 136 N. Y. 83; *Carpenter* v.
*New York*, 44 App. Div. 230; *Matter of Van Etten* v.
*City of New York*, 226 N. Y. 483; *Reife* v. *Osmers*, 252
N. Y. 320; *Matter of Mayor* [*Morris Ave.*], 118 App. Div.
117; *Matter of Schott*, 159 App. Div. 824.)

*Merle I. St. John* for respondents. The transfer of tax lien under which appellant claims was wholly void. (*Matter of N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 191; *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342; *Zink* v. *McManus*, 121 N. Y. 259; *Lawton* v. *City of New Rochelle*, 114 App. Div. 883; *Underhill* v. *Keirns*, 54 App. Div. 214; *People ex rel. Nat. Park Bank* v. *Metz*, 141 App. Div. 600; *City of New York* v. *Appleby*, 219 N. Y. 76; *Stebbins* v. *Kay*, 123 N. Y. 31; *People ex rel. O'Reilly* v. *Common Council*, 189 N. Y. 66; *Matter of Seidl* v. *Zauner*, 247 N. Y. 17; *City of Rochester* v. *Farrar*, 44 Misc. Rep. 394.) The city's right to charge against the awards the proportionate part of the taxes which on the date of taking were liens against the original parcel did not pass by reason of the transfer of tax lien. (*Matter of Opening Hamilton St.*, 144 App. Div. 702; *Matter of East 149th St.*, 30 Misc. Rep. 295; *Harway Improvement Co.* v. *Partridge*, 220 App. Div. 595; *People ex rel. Wood* v. *Assessors*, 137 N. Y. 201; *Carpenter* v. *City of New York*, 44 App. Div. 230; 51 App. Div. 584; *Deering* v. *City of New York*, 51 App. Div. 402; *Matter of 7th Ave.*, 59 App. Div. 175; *King* v. *Mayor*, 102 N. Y. 171; *Matter of Mayor* [*Trinity Ave.*], 116 App. Div. 252; *Matter of Von Etten* v. *City of New York*, 226 N. Y. 483; *Matter of Reubel*, 52 Misc. Rep. 604; 122 App. Div. 921; 191 N. Y. 624; *Matter of City of Rochester*, 136 N. Y. 83.)

CRANE, J. The Nassau Beekman Investing Co., Inc., is the owner and holder of a tax lien for unpaid taxes and assessments for each of the years from 1869 to and including 1911, on plot 66, Unionport, ward 24, borough of The Bronx, city of New York. Portions of plot 66 were taken in condemnation proceedings for the widening respectively of Houghton (formerly Quimby) and Olmstead avenues. Title to the city vested as of January 2, 1912, at which time the amount due for taxes was $1,150.19.

An award was made for the damage parcel taken and there being two reports as there were two damage parcels we have these dates. The award for damage parcels 121 and 121-A was confirmed October 20, 1915, and the award for damage parcels 116 and 116-B was confirmed June 28, 1916. Of course the taking in condemnation proceedings of a parcel of land does not get rid of the encumbrances upon that land; they are transferred to the award. Thus a mortgage upon land or a tax lien is not shifted over on to the portion of the property which remains and is not taken in condemnation proceedings — liens are not so easily disposed of. The lien of a mortgage or of a tax is upon the entire property and when a portion of it is taken in condemnation proceedings and an award made the lien attaches to the award. This is axiomatic. (*Utter* v. *Richmond*, 112 N. Y. 610; *Matter of N. Y. C. R. R. Co.*, 60 N. Y. 116; *Deering* v. *Schreyer*, 171 N. Y. 451; *Matter of Opening of Eleventh Avenue*, 81 N. Y. 436.) A lienor is entitled to satisfy the entire amount of his lien from the award. (*Matter of City of New York* [*East River Park*], 184 App. Div. 509; *Gates* v. *De La Mare*, 142 N. Y. 307; *Matter of Mayor* [*Morris Avenue*], 118 App. Div. 117, 121; *Matter of City of Rochester*, 136 N. Y. 83.)

We, therefore, have a situation where property was taken in condemnation proceedings, title vesting in the city on January 2, 1912, at which time there were taxes due upon the property, and which constituted a lien attaching to any award which might thereafter be made. This lien for taxes upon the property including the damage parcels, or, upon the award, was sold by the city of New York to one Tillie Ritter for the sum of $1,159.64 paid in cash, and a certificate of the tax lien was given to her which has been transferred by purchase to the Nassau Beekman Investing Co., Inc., the claimant herein. Tillie Ritter's money was given the city of New York for the tax lien. She got something of value in return

which was the " transfer of tax lien " now held in possession of the claimant. She is entitled to the payment of this lien out of the amount of the award which, by the way, is less in amount.

The sale of the tax lien was made in accordance with the provisions of sections 1027 and 1029 of the charter of the city of New York (Laws of 1901, ch. 466), section 1027 of which reads: " The right of the city to receive taxes, assessments and water rents and the lien thereof, may be sold by the city, and after such sale, shall be transferred, in the manner provided by this title. The right and lien so sold shall be called ' tax lien ' and the instrument by which it is assigned shall be called ' transfer of tax lien.' " (As amd. by L. 1913, ch. 326.) The section then provides the method by which the lien is to be sold and the public auction which is to be conducted after due and proper notice given.

Section 1029 provides: " If no bid shall be received for a tax lien offered for sale, the collector of assessments and arrears, for and on behalf of the city of New York, may bid in the said tax lien, and upon such bid, no deposit or payment in cash shall be required from the city. When the city has bid in any tax lien a transfer of tax lien to the city shall be executed by the said collector in the form and manner prescribed for other transfers of tax liens, and the city shall have the same rights in, to and under such transfer of tax lien as if the same had been bought by any other person." (As amd. by L. 1908, ch. 490.)

In this way the transfer of the tax lien was made to Tillie Ritter. At the advertised auction there were no bidders so the collector of assessments and·arrears for and in behalf of the city, pursuant to this section 1029, bid in the tax lien and the " transfer of tax lien " was executed to the city of New York on February 16, 1914, the same as if the city had been " any other person." Thereafter, on March 24, 1914, was assigned the transfer of tax lien to Tillie Ritter, as afore stated, for $1,159.64,

and on August 1, 1916, Tillie Ritter assigned the said instrument to the Nassau Beekman Investing Co., Inc., for value. The claimants have proved a clear title to the transfer of tax lien for the amount of taxes due, which is a lien upon the award, and should be paid.

Some confusion apparently has arisen over subsequent events. After January 2, 1912, taxes accrued upon the remainder of the plot 66, but this remainder consisted of the portion left after the taking of the damage parcels. Of course these taxes had nothing to do with the damage parcels or with the award and were a lien on neither. The tax liens for these subsequent taxes passed to the Glebe Realty Corporation, which makes no claim here.

The Special Term granted the cross-petition of the Nassau Beekman Investing Co., Inc., and gave it the award. This was reversed by the Appellate Division, which passed the award to the owner upon the theory that, when the Glebe Realty Corporation foreclosed its tax lien, making the Nassau Beekman Investing Co., Inc., a party, it shut off all of the latter's rights. This may be true as to the portion of the land to which the Glebe tax lien applied. It had nothing to do with the damage parcels or the award for them or the lien of the Beekman Company upon the award. In no way could this lien be involved in the proceedings to collect the taxes due after 1912 upon the untaken portion of plot 66.

For these reasons the order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division. (See 266 N. Y. 505.)

Pound, Ch. J., Lehman, O'Brien, Hubbs, Crouch and Loughran, JJ., concur.

Ordered accordingly.