In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK Relative to Acquiring Title to the Lands Required for the Opening of Walton Avenue from East One Hundred and Sixty-seventh Street to Tremont Avenue, as the Same Has Been Heretofore Laid Out and Designated as a First Class Street or Road in the Twenty-third and Twenty-fourth Wards of the City of New York.

ANNA R. CROSSIN, Appellant; HOWARD B. SNELL, Administrator, etc., of ANN ELIZA HUGHES, Deceased, Respondent.

First Department, March 22, 1935.

*Harold Swain,* for the appellant.

*Charles Schneikraut,* for the respondent.

PER CURIAM. From the briefs submitted on this appeal the court received the impression that the applicant's claim was upon deficiency judgments entered in 1913 as to which the Statute of

Limitations had run. (Civ. Prac. Act, § 44.) This led to the affirmance of the order appealed from (243 App. Div. 587). Upon this motion attention is directed to the fact that there are no deficiency judgments but only deficiencies resulting from the sale of the properties on foreclosure of the appellant's transfers of tax liens. This necessitates a reconsideration of our previous decision.

Between 1896 and 1906, Ann Eliza Hughes, respondent's intestate, failed to pay taxes and assessments on her property in the borough of Bronx, city of New York. In 1911, at public auction, the city sold to the appellant transfers of the tax liens against the property, thereby transferring to her the city's right to collect these taxes and assessments. (Greater N. Y. Charter, § 1027; *City of New York v. Appleby,* 219 N. Y. 76.) On January 15, 1906, after all these liens had accrued, the city closed Walnut street and Fifth avenue, on which abutted the properties in question. This, of course, resulted in diminishing their value, and for the damage caused thereby awards were made, which, however, were not confirmed until August 3, 1920. Meantime, in 1913, the appellant had foreclosed her tax liens on the properties, the sales resulting in deficiencies.

We see no reason to doubt that the appellant is entitled to have recourse to the awards to satisfy these deficiencies (*Matter of City of New York [Houghton Ave.],* 266 N. Y. 26, 29; *Matter of City of New York [Boscobel Ave.],* 242 App. Div. 392; *Matter of Mayor [Morris Ave.],* 118 id. 117, 121; *Matter of Mayor [Trinity Ave.],* 116 id. 252, 254) unless the Statute of Limitations is applicable. In considering that question it must be remembered that no provision was made nor could have been made for the docketing of any deficiency judgment because no one was personally liable on the tax liens. Necessarily, therefore, the deficiencies established on the foreclosures did not constitute judgments " for a sum of money or directing the payment of a sum of money " to which section 44 of the Civil Practice Act would apply. (*Van Rensselaer v. Wright,* 121 N. Y. 626; *Barnard v. Onderdonk,* 98 id. 158.) Until the order was made confirming the awards, there was no person against whom, nor was there any fund from which, the appellant could have satisfied these deficiencies. The awards were the equivalent of all the rights which were impaired or destroyed in the proceedings, including the appellant's liens. (*Merriman v. City of New York,* 227 N. Y. 279; *Matter of City of New York [Old Kingsbridge Road],* 229 id. 30.) The Statute of Limitations would not bar these rights until twenty years thereafter. (*Matter of City of New York [Elm St.],* 239 N. Y. 220.)

The motion for leave to appeal should be denied, the motion for reargument granted, the order appealed from reversed, with twenty

dollars costs and disbursements, the motion to expunge notice of lien denied, and the cross-motion of the appellant, Anna R. Crossin, granted, with ten dollars costs.

Present — MARTIN, P. J., MERRELL, O'MALLEY, GLENNON and UNTERMYER, JJ.

Motion for leave to appeal to the Court of Appeals denied, and in other respects granted; the order appealed from reversed, with twenty dollars costs and disbursements to the appellant, the motion to expunge notice of lien denied, and the cross-motion of the appellant granted, with ten dollars costs. Order entered January 25, 1935, vacated. Settle order on notice.