Alice C. Dickinson, Plaintiff-Respondent, v. George E. Dickinson, Defendant-Appellant, and Cora Stebbins Dickinson and Joseph G. Bassman, as Receiver for Her Benefit, Appellants, and Frederic H. Cowden, as Receiver for Benefit of Plaintiff-Respondent, Respondent.—Appeals by Cora Stebbins Dickinson (first divorced wife of defendant-appellant George E. Dickinson) and by Joseph G. Bassman, as receiver for her benefit, from so much of an order entered in favor of plaintiff-respondent (second divorced wife of said George E. Dickinson) as adjudged that plaintiff-respondent and Frederic H. Cowden, as receiver for her benefit, have superior rights in certain property; and from so much of said order as gives the said receiver Cowden full and exclusive authority in the negotiation of the sale of certain property. The notice of appeal further recites that there will be brought up for review a certain order dated June 3, 1932. Appeal is also taken from an order denying a motion to set aside and vacate an order granting sequestration to plaintiff. Similar appeals are taken by defendant George E. Dickinson. Orders affirmed, in so far as appealed from, without costs. No opinion. Hagarty, Scudder, Tompkins, Davis and Johnston, JJ., concur.

The First National Bank and Trust Company of Yonkers (in Liquidation), by Arthur E. Muth, Receiver, Respondent, v. Wilfred F. Fuller and Others, Defendants; Bertha A. Letsen and Others, Appellants.— In an action for the foreclosure of a mortgage on property, a part of which, covered originally by the mortgage, had been taken in condemnation, the plaintiff moved for summary judgment. The plaintiffs in a judgment creditor's action involving the same property moved for a consolidation of the actions. The order granted a partial summary judgment for the foreclosure and sale under the $50,000 mortgage and directed that the property be sold with the right to the plaintiff to satisfy any deficiency arising on the sale from the award. The remaining part of the action, involving a second mortgage, was severed and consolidation of this cause of action with the judgment creditor's action was granted, so that the judgment creditors and other parties interested could litigate their respective claims to any sum remaining after the deficiency judgment had been satisfied from the award. Other relief, unimportant here, was also granted. Order and judgment affirmed, with twenty-five dollars costs and disbursements to the respondent. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.