In the Matter of the Application of THE CITY OF NEW YORK to Acquire Title to East Twenty-ninth Street from Avenue " Z " to Emmons Avenue.

ERNESTINE SIEBERT, Petitioner, Appellant; THE CITY OF NEW YORK and Others, Respondents.

Second Department, June 12, 1936.

*John Danzilo*, for the appellant.

*Joseph F. Mulqueen, Jr.* [*Paul Windels, Corporation Counsel,* and *Theodore S. Wecker* with him on the brief], for the respondent City of New York.

*Anthony Romano*, for the respondents Vito Brandonisio, Louisa Brandonisio and Johanne M. Claussen.

DAVIS, J. Ernestine Siebert held a mortgage on certain property, a part of which was taken by the city of New York in condemnation proceedings. After the award was made she, as plaintiff, foreclosed the mortgage and bid in the property at the sale. The referee certified that there was a deficiency of over $3,500; and without entering a deficiency judgment the plaintiff applied to have the award paid to her. The sum awarded was much less than the deficiency. The motion was opposed, both by the owners and the city.

The resettled order provided that certain liens on the award should first be paid and that before the remaining portion should be paid to the petitioner, she must enter a deficiency judgment in the foreclosure action or otherwise determine the actual deficiency as compared with the fair market value of the property of which she was now the owner, as provided in section 1083-a of the Civil Practice Act. In part, the petitioner has appealed from that order and argues that, as there is an evident deficiency, she should be paid the amount of the award without going through the form of entering a deficiency judgment.

The complaint is not printed. An examination thereof, contained in the records of the Supreme Court, shows that the complaint was on a printed form with portions typewritten; and the mortgaged property was described with an exception of that part taken by the city for the opening of the street. There was no description of the property so taken. Nothing was said in the complaint about condemnation or an award, and of course no lien is asserted on the award. On its face it is simply a common form of complaint in an action to foreclose a mortgage on property described, without asking any further relief than judgment for deficiency. Nothing is said in the judgment about any award or any lien of the plaintiff thereon. So we have the ordinary action of foreclosure and sale of described mortgaged property, and nothing more.

The question of the right of a mortgagee to resort to the award after foreclosure and sale has been presented in recent cases on appeal in this court; and it is thought that there should be an attempt to state the principles and procedure in such cases, particularly in relation to the so-called Moratorium Acts.

The principle is well established that the lien of the mortgage is upon the entire property, and when a portion of it is taken in condemnation proceedings and an award made, the lien attaches to the award and the mortgagee is entitled to satisfy the entire amount of his lien therefrom. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Utter v. Richmond*, 112 id. 610.) When the

property is taken the municipality takes full title and pre-existing liens are extinguished. (*Matter of City of New York [Boscobel Ave.]*, 242 App. Div. 392; appeal dismissed, 266 N. Y. 503.) The mortgagee loses his lien upon the specific property and acquires in place thereof the right, as a person interested in the property, to have the value of his interest ascertained and paid to him by the municipality. (*Hill* v. *Wine*, 35 App. Div. 520.) This disposition sometimes depends upon statutory provisions in charters, but the principle is generally recognized on the doctrine of equitable liens. (*Matter of City of Rochester*, 136 N. Y. 83, 90; *Astor* v. *Hoyt*, 5 Wend. 603; *Bank of Auburn* v. *Roberts*, 44 N. Y. 192.)

The mortgagee may, of course, appear in the condemnation proceeding and apply for and have the award made and paid to him in full as a payment on the mortgage debt if the award does not exceed the debt. (*Gates* v. *De La Mare*, 142 N. Y. 307; *Matter of City of New York [East River Park]*, 184 App. Div. 509; affd., 226 N. Y. 640.) The payment will be subject to prior liens, such as taxes and assessments for benefits on the mortgaged property, if such assessments have been made, or if there is reservation of the right by statute to hold such award subject to assessments to be made in the future; and to attorneys' liens and the like. (*Irving Trust Co.* v. *Hughes*, 239 App. Div. 74; *Matter of Jones*, 178 id. 654; *Matter of City of New York [Boscobel Ave.]*, *supra.* Cf. *Matter of Schoonmaker* v. *Prendergast*, 171 App. Div. 312.)

This right in the mortgagee becomes vested on the date of taking. (*Matter of Braico*, 235 App. Div. 132; affd., 260 N. Y. 625; 2 Jones Mort. [8th ed.] § 843.) Proceedings to take a portion of the mortgaged land for public use do not displace or otherwise affect the lien upon the residue of the mortgaged premises. (*Hooker* v. *Martin*, 10 Hun, 302.)

It seems that it often happens that the mortgagee does not appear and assert his rights in the condemnation proceedings and thereby obtain a payment in reduction of his mortgage. Perhaps he has no actual notice of the proceeding, or it may be that he does not care to await the result in such proceedings, long drawn out. The award is then generally made to the owner of the fee, subject to such liens as may be established in any proceeding to obtain the funds in the hands of the comptroller or other depositary.

Therefore, it frequently occurs that an action for foreclosure is commenced either after the award has been made or while the amount of the award is still prospective. It would seem that the proper procedure in that case would be to describe in the complaint the premises covered by the mortgage, followed by a statement that certain described premises have been taken by condemnation

and, therefore, cannot be sold, but that the lien of the mortgage is asserted on the award made or about to be made. (*Matter of Mayor [Morris Ave.]*, 118 App. Div. 117, 121; *Matter of City of Rochester*, 136 N. Y. 83.) Then the action may proceed to judgment and the rights of the mortgagee may be determined. Payment of the award to the mortgagee could then be made in reduction of the mortgage debt, and, if insufficient fully to discharge it, the premises could be sold in satisfaction of the sum remaining unpaid. If all necessary parties have been joined in the action, the mortgagee is in a position to apply to the custodian of the fund for payment and to institute proceedings to obtain the award.

Often this procedure is not followed. The mortgagee begins his action and describes only the remaining premises. No mention is made in the complaint, as here, concerning any award or a lien claimed thereon. The action goes to judgment and sale as though the property described is the sole property subject to the mortgage lien. Then after the sale, particularly if there is a deficiency, the mortgagee awakens to the fact that he has or claims a lien on the award.

In such a case difficulties arise, particularly in view of section 1083-a of the Civil Practice Act. May the mortgagee then be permitted to apply to have the award paid on the deficiency; or must he apply to the court for a deficiency judgment, thus fixing the actual deficiency between the amount received on the sale and the fair market value of the property at the time of the sale?

If the result were due to mistake or inadvertence, the mortgagee may, perhaps theoretically under certain circumstances, resort to the remedy of strict foreclosure. (Real Prop. Law, art. 17.) But that remedy has been practically abandoned in this State. (*Bolles* v. *Duff*, 43 N. Y. 469; *Moulton* v. *Cornish*, 138 id. 133.) He may, under such circumstances, adopt the remedy known as reforeclosure to cut off subordinate liens as a matter of right if his procedure were illegal and invalid (*Brindernagle* v. *German Ref. Church*, 1 Barb. Ch. 15; *Stackpole* v. *Robbins*, 47 Barb. 212; affd., 48 N. Y. 665); or where there was an omission of a necessary party (*Denton* v. *Ontario County Nat. Bank*, 150 N. Y. 126, 138; *Vought* v. *Levin*, 142 App. Div. 623; *Moulton* v. *Cornish, supra*, p. 145); by amendment to the original complaint (*Johns* v. *Wilson*, 180 U. S. 440, 450); or by supplemental complaint (3 Jones Mort. [8th ed.] § 2152).

But the practice in this State is that where there was error or inadvertence in some fundamental matter, as a wrong description or an omission, and the action has gone to judgment, the plaintiff must apply to the court for leave to vacate the judgment and to amend the complaint to supply the defects; and the granting of

such application rests in sound discretion. (*Archer* v. *Archer, Nos. 1 & 2,* 171 App. Div. 549. Cf. *Ladd* v. *Stevenson,* 112 N. Y. 325.)

The mortgagee may deem the remaining property sufficient to satisfy his debt and, therefore, may proceed deliberately with his action, referring only to the remaining property which he describes in his complaint. Where there is an omission of part of the mortgaged premises and the suit goes to judgment, it is deemed that the plaintiff has elected to resort only to the property described in his complaint and thereby waives his lien on the remainder. (3 Jones Mort. [8th ed.] § 1861; *Mascarel* v. *Raffour,* 51 Cal. 242; *Bull* v. *Coe,* 77 id. 54; 18 P. 808; *Dooly* v. *Eastman,* 28 Wash. 564; 68 P. 1039.)

There may be partial foreclosure in this State (Civ. Prac. Act, § 1086; *Womans Hospital* v. *67th St. Realty Co.,* 265 N. Y. 226, 236), but this does not authorize foreclosure by piecemeal or splitting causes of action (*Bank of America National Assn.* v. *Dames,* 135 Misc. 391, 393) except under unusual circumstances. (*Union Trust Co. of New York* v. *Olmstead,* 102 N. Y. 729; *Widmann* v. *Hammack,* 110 Wash. 77; 187 P. 1091; 42 A. L. R. 468, and notes; *O'Dougherty* v. *Remington Paper Co.,* 81 N. Y. 496.)

Therefore, a mortgagee in foreclosing his mortgage on the remaining property runs the risk of waiver of his lien on the award. Election and waiver depend largely on knowledge of the facts and intention. So it is possible for the courts to relieve where the waiver was not deliberate. The burden of explaining his acts and showing that the apparent waiver was not intentional rests on the plaintiff. He is applying to the court not as a matter of right, but for an act of grace. He must expect to have equitable principles applied in granting relief.

As has been stated, when a portion of the mortgaged property has been taken in condemnation, the lien of the mortgage is not shifted over onto the portion of the property which remains; but the lien is attached to the award. (*Matter of City of New York* [*Houghton Ave.*], *supra,* p. 29.) It is only a lien, for the award belongs primarily to the owner. The practical question is: When and under what circumstances may the mortgagee obtain the award? This question arises under an infinite number of circumstances. We may state only general principles in respect to the equitable powers of the court, among which is the power to direct the order of sale of different mortgaged parcels in the interest of the owner or junior lienors (*Livingston* v. *Mildrum,* 19 N. Y. 440; *DeForest* v. *Farley,* 62 id. 628; 3 Jones Mort. [8th ed.] §§ 2080– 2081); and the exercise of good conscience to prevent an inequitable or unconscionable result. (*Matter of Braico, supra; Monaghan* v. *May,* 242 App. Div. 64.)

There may be separate mortgages on separate parcels, or a first mortgage on all parcels, with a second mortgage on one of the parcels. The procedure followed by the mortgagee may indicate a purpose to resort primarily to the remaining land and a waiver of the lien on the award. The enactment of section 1083-a of the Civil Practice Act may or may not affect the situation under certain circumstances where the mortgaged property is sold at an inadequate price, leaving a large deficiency. At least, it sets a standard in respect to the rights and remedies of mortgagor and mortgagee in this period of emergency. (*Monaghan* v. *May, supra.*) That section, of course, relates primarily to the deficiency judgment that may be entered against the mortgagor; but it states that under certain circumstances the proceeds of the sale shall be deemed to be in full satisfaction of the mortgage debt. If the mortgagee is the purchaser at the sale, then he takes the property in full satisfaction of the debt. Therefore, the right of the mortgagee to the award or the particular time when it may be paid to him depends in part upon the procedure followed and the equities that have arisen.

Ordinarily the mortgagee has a double security for his mortgage loan — a lien on the land and the personal responsibility of the mortgagor on the bond. In the case of an award where the foreclosure action has gone to judgment and sale and there is a deficiency, the mortgagee still has a double security — the award and the personal responsibility of the mortgagor. (*Utter* v. *Richmond, supra,* p. 612.) When the proper procedure is followed and no equities have intervened, the mortgaged property will first be sold to pay the mortgage indebtedness before there is resort to the award. Primarily, as we have said, the award belongs to the owner subject to the equitable lien of the mortgagee. (*Home Insurance Co.* v. *Smith,* 28 Hun, 296, 300, 301; *Woolf* v. *Leicester Realty Co.,* 134 App. Div. 484; 2 Jones Mort. [8th ed.] § 875.) This was the usual procedure in normal times.

These times are not normal. The financial depression has resulted in almost universal enactments by State Legislatures and by Congress restricting rights and remedies of mortgagees and others which previously had not been questioned. In this State the right to foreclose a mortgage is limited during the emergency period (Civ. Prac. Act, §§ 1077-a, 1077-b); and if foreclosure is had, then the right to a deficiency judgment is greatly circumscribed (§ 1083-a). How does this affect the rights of mortgagees where there has been condemnation of a part of the mortgaged property and an award has been made or is about to be made? It may have little effect if the proper procedure is adopted. Before beginning the action of foreclosure or at any time during its progress the mortgagee may, in a proper proceeding, apply to have the award, or such part

thereof as he is entitled to receive, paid to him; and it will be received in part or full satisfaction of the mortgage debt. (*Hooker* v. *Martin,* 10 Hun, 302.) If it is only in part satisfaction, then he may proceed with his action for foreclosure on the remainder. This would, of course, reduce the mortgage debt; and thereby a sale ought to produce a sum equal to or in excess of the judgment. If, however, the mortgagee proceeds to judgment and sale without reference to the award, a different situation is presented. There may be an apparent waiver of the lien on the award. The property may have brought an inadequate price, leaving a deficiency. He may not have judgment against the mortgagor for such deficiency until he has made proof of the fair and reasonable value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof. Failing to make such application to the court for a deficiency judgment, the proceeds of the sale are deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding exists. (Civ. Prac. Act, § 1083-a.) As has been said, it means a deficiency judgment against the mortgagor. But this legislation was enacted to prevent unconscionable gains by mortgagees by acquiring both the property and a large deficiency judgment to be satisfied from other property of the mortgagor. (*Weisel* v. *Hagdahl Realty Co., Inc.,* 241 App. Div. 314, 319.) In a sense the award is other property of the mortgagor. We think the same principle may apply in cases of this kind, where the mortgagee seeks to obtain both the mortgaged property and the award.

The award remains in the hands of the court for distribution, subject to an equitable lien to the extent of any deficiency which the land sold did not pay. (*Matter of City of New York* [*Boscobel Ave.*], 242 App. Div. 392, 395.) In such a case equitable principles will be applied. Under present conditions and the circumstances presented here, the court will not permit the mortgagee to obtain both the property and the award, if it appears that such result will be unjust to the owner. Where it appears that before obtaining a deficiency judgment the right of the mortgagee to obtain the award would be inequitable or unconscionable, the court will direct the plaintiff to determine the value of the property he has by following the prescribed procedure for entering a deficiency judgment; or, if that is not possible, by making proof of value of the property he purchased at the sale. We so held in *Matter of City of New York* (*Neptune Ave.*) (247 App. Div. 745) and in *Mathews* v. *Ropag Realty Corp.* (246 id. 764), although in the latter case, under the procedure followed, it was held that the emergency legislation did not apply. In *First National Bank & Trust Co. of Yonkers* v. *Fuller* (246 App. Div. 755) we held that the deficiency could be satisfied from the

award after the sale; but in that case it was a first mortgage, with a controversy still pending between the owner of the second mortgage and judgment creditors, with severance of this part of the litigation from that involving the first mortgage. The rights of parties in respect to an equitable lien will be determined on then existing equities between the parties in the interest of justice.

It may happen that foreclosure may be completed before the award has actually been made. The principles to be applied are not different. (*Magee* v. *City of Brooklyn,* 144 N. Y. 265, 270.) There may be in the judgment provisions determining the plaintiff's rights and permitting him to apply on the foot of the judgment for further relief.

The petitioner should proceed according to the directions given at Special Term.

The order in so far as an appeal is taken therefrom should be affirmed, with ten dollars costs and disbursements to respondents Brandonisio and Claussen.

Young and Johnston, JJ., concur; Adel, J., with whom Lazansky, P. J., concurs, dissents, with memorandum.

Adel, J. (dissenting). I dissent and vote to modify the order in so far as it imposes, as a condition for the payment of the award, the entry of a deficiency judgment, under section 1083-a of the Civil Practice Act.

A mortgagee has double security for the amount due on the debt to secure the payment of which the mortgage is given: (a) the property covered by the mortgage, and (b) the personal security of the one owing the debt, usually evidenced by the bond accompanying the mortgage.

To enforce his right he may foreclose the mortgage and sell the real property. When the amount for which the property is sold is insufficient to pay the debt, he may proceed to enforce the personal security by a deficiency judgment against the one primarily liable. The right to obtain a deficiency judgment in an action to foreclose a mortgage rests entirely upon statutory provisions. Prior to the Revised Statutes, the Court of Chancery, in a foreclosure action, had no jurisdiction to render a personal judgment against the mortgagor upon his bond or covenant to pay the mortgage debt. Such a judgment could only be obtained by an action at law. (*Rutherfurd Realty Co.* v. *Cook,* 198 N. Y. 29; *Frank* v. *Davis,* 135 id. 275.)

The procedure is now regulated by sections 1083 and 1083-a of the Civil Practice Act.

When a deficiency judgment has been recovered it is a personal judgment and the creditor may then use all the means provided by law to enforce payment thereof against the debtor.

However, where the mortgagee does not seek to hold the mortgagor personally responsible, he may enforce payment of the debt by recourse to his security without a deficiency judgment as a basis. It has been repeatedly held that where land is taken for public use the damages awarded take the place of the land in respect to all rights and interests which were dependent upon and incident to it. A condemnation award takes the place of the land which has been taken and the lien of the mortgage is transferred to it. Where the mortgage lien is upon the entire property and a part of it is taken in condemnation and an award is made, the lien attaches to the award. The mortgage is not shifted over onto the part of the property which remains not taken in the condemnation proceedings. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, at p. 29, and cases there cited.) Therefore, when a mortgage has been foreclosed and the real property sold and the sum realized is insufficient to pay the mortgage debt, recourse may be had to that security which has been substituted for the property — in this case being the award in condemnation. Such proceeding is not considered a proceeding to enforce payment under the personal security of the debtor, but is a proceeding against the property covered by the mortgage. Hence a personal judgment against the mortgagor by way of a deficiency judgment is not a prerequisite. All that is necessary is the showing that there is a deficiency, which of course may be evidenced by the report of the selling referee. It may be necessary that the report of the referee be first confirmed. (*Emigrant Industrial Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Gates* v. *De La Mare*, 142 id. 307; *Matter of Mayor, etc., City of New York*, 244 App. Div. 125; *Utter* v. *Richmond*, 112 N. Y. 610.)

I am in accord with the statement in the majority opinion that where a mortgagee begins his action to foreclose either after the award has been made or while the amount is still prospective in condemnation where part of the land covered by the mortgage is taken and describes only the land not taken, he may waive his lien on the award. It is this question of waiver only that should be determined in this proceeding without regard to the value of the property sold in the foreclosure action.

Accordingly, in my opinion, the order should be modified by providing for the determination of this issue, and as thus modified affirmed.

LAZANSKY, P. J., concurs.

Order, in so far as an appeal is taken therefrom, affirmed, with ten dollars costs and disbursements to respondents Brandonisio and Claussen.