In the Matter of the County of Erie, Petitioner. Ellicott Brick Company et al., Respondents.

Supreme Court, Albany County, March 4, 1943.

*Paul J. Batt, County Attorney (Genevieve Goergen* of counsel), for petitioner.

*Henry P. Smith* for Ellicott Brick Company, for Alexander McDonald, as committee of Jennie W. Cottle, an incompetent person, and for Edmund P. Cottle and another, as executors of the estate of Octavius O. Cottle, deceased, respondents.

*John J. Bennett, Jr., Attorney-General,* for State of New York, respondent.

RUSSELL, J. Upon the return of an order to show cause the petitioner, County of Erie, applies for a final order of distribution of funds representing an award for property appropriated by the State in condemnation proceedings to all persons who have, or claim to have, some right, title, interest, claim or demand in or to said award.

It appears that the Ellicott Brick Company was and still is the owner of two parcels of real estate in the town of East Hamburg, county of Erie, New York. The Orchard Park-Griffin Mills Highway runs between the two parcels and the parcel on the north of said highway consists of thirty-two acres of land and buildings thereon. The parcel on the south side of said highway consists of forty-nine acres of land and has a residence building thereon.

The parcel of land on the north of said highway is encumbered by two mortgages. The first mortgage is now held by Alexander McDonald, as committee of Jennie W. Cottle, an incompetent. Said mortgage is for the sum of $2,500 and was dated April 13, 1903. The second mortgage is held by Edmund P. Cottle and Jennie W. Cottle, as executors of the estate of Octavius O. Cottle, in the sum of $15,000. Said mortgage is dated April 25, 1903. Besides the unpaid taxes for the year 1931 it also appears in the petition that from the year 1932 through the year 1941 the taxes also remained unpaid on each parcel mentioned herein. There are also certain judgments and certain liens remaining unpaid as appear in the petition, but said liens and judgments are subsequent to the date of appropriation by the State.

On October 21, 1931, portions of both the north and south parcels were appropriated by the State of New York for highway and grade crossing elimination purposes. When the State of New York appropriated said land the tax levied and assessed against both the north and south parcels was unpaid. In November, 1931, both parcels were sold pursuant to law by the County Treasurer of Erie County to satisfy the 1931 county taxes unpaid on both parcels of land and said parcels were bid in by the County of Erie at said tax sale. A tax sale certificate for each parcel of land was then delivered to the County of Erie.

The Ellicott Brick Company commenced an action against the State of New York for damages arising from the appropriation of said land and on the 9th day of February, 1939, a judgment against the State of New York was rendered by the Court of Claims in the sum of $2,597.94. Because of a dispute with respect to the ownership of this fund the Comptroller deposited said sum in the State Bank of Albany on or about the 11th day of June, 1942.

The County of Erie has petitioned this court to determine the ownership of said moneys so deposited to the claim of this action.

Notwithstanding the fact that the County had a tax lien against the premises before the statutory sale, nevertheless the tax lien continued and attached to the award because the tax sale only vested a tax title in the purchaser.

It is evident that the Erie County Tax Law regards a tax sale certificate only as a tax lien because section 32-a of said Erie County Tax Law provides for the foreclosure of a lien of the tax sale certificate. (L. 1937, ch. 177.)

It is clear that the tax liens have not been foreclosed and therefore being liens upon each parcel are liens upon the entire property of each parcel and follow the award which was granted for the appropriation of the land taken from each parcel. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, 29.)

The award was not divisible so that one could say that a part represented the measure of damages for the part taken of one parcel and a measure of damages for a part of the other parcel. However, the two mortgages are distinctly a lien on the north parcel and become a lien next in priority to the satisfaction of the tax lien. They also attach to the award, because they are liens upon the entire parcel upon which they were given and because a portion of the land upon which they became a lien was taken in condemnation proceedings. Nevertheless, they also

remained a lien upon that entire parcel and cannot be transferred to only the remaining portion of the parcel.

After the appropriation of the parcels by the State, taxes accrued upon the remainder of each parcel for several years and also other liens and judgments were entered. These taxes and subsequent liens and judgments had nothing to do with the portions of the parcels taken by the State or with the award and therefore could in no sense be considered as liens on the portions appropriated.

I am, therefore, of the opinion that the tax liens together with accrued interest should be paid from the award. The tax lien, together with interest due upon the south parcel, amounts to $349.79. The tax lien, together with interest due upon the north parcel, amounts to $1,596.57 and it is upon this parcel that the mortgages were given. Whatever remains from the award, after the liens upon both parcels have been paid, should be paid in partial satisfaction of the mortgages in their order of priority. There remains after the payment of both tax liens the sum of $651.58. This should be paid to the committee of Jennie W. Cottle, an incompetent, in partial satisfaction of the first mortgage of $2500.

Submit order in accordance with this memorandum.