[No. 3799.   Decided May 7, 1902.]

JOHN DOOLY, *Appellant,* v. THOMAS R. EASTMAN *et al.,* *Respondents.*

MORTGAGE — FORECLOSURE ON PART OF PROPERTY — WAIVER OF LIEN ON BALANCE.

Where one holding a mortgage upon two distinct tracts of realty foreclosed as against one of them only, it was a waiver of his right to enforce the mortgage lien against the other tract, even if the omission was unintentional on his part, due to the fact that he was ignorant that the mortgagor had won a contest in the United States land office involving the title to such omitted tract.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Lester S. Wilson,* for appellant.

*W. T. Dovell* and *B. L. & J. L. Sharpstein,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—Appellant brought this action against the respondents, Thomas R. Eastman, Patrick Russell, Mary

A. Russell, and the children of said Patrick and Mary A. Russell, to subject the northwest quarter of section 1, township 7 north, of range 35 E., W. M., situate in Walla Walla county, to the lien of a deficiency judgment which he had theretofore obtained against the respondents Patrick Russell and Mary A. Russell, in the superior court of Walla Walla county.

The facts, as alleged in the amended complaint, are as follows: That the defendants Patrick Russell and Mary A. Russell are husband and wife, and the other defendants Russell are their children; that in the year 1876 defendant Patrick Russell entered into the possession of the above described lands and premises as a licensee of the Northern Pacific Railroad Company, for the purpose of improving and thereafter purchasing the same from said company when it should perfect its title thereto from the United States. That said lands were a part of what is known as the "Northern Pacific Land Grant," situate in the Walla Walla United States land office district, in Walla Walla county, state of Washington; that the said Patrick Russell so held the possession of said lands and premises and improved and cultivated the same from the year 1876 until the forfeiture thereof to the United States by virtue of the act of Congress of September 29, 1890, and thereafter, and prior to June 15, 1891, the said Patrick Russell, as such licensee, having the prior right under said act of Congress to purchase from the United States the said lands, and to sell, assign, and dispose of said right, sold, conveyed, transferred, and assigned to the defendant Eastman all his right, title, and interest, as such licensee arising under said act of Congress, and by reason thereof the said Eastman became vested with a prior right to purchase and to receive a patent for said lands upon payment as by said act

provided.   That on June 13, 1891, the defendant East-
man, as the assignee of said Patrick Russell, applied to
the United States through the said land office at Walla
Walla, and on September 26, 1893, the said Eastman had
made all the proofs and payments as such purchaser re-
quired by said act of Congress as a prerequisite to the is-
suance to him of a patent for said land.   That on October
14, 1895, in pursuance of the application of said Eastman
to purchase said lands, and in consideration of the proof
and payment theretofore made by him, a patent therefor
was duly issued to him by the United States, but said de-
fendant has never filed or had the same recorded in the
office of the auditor of Walla Walla county.   That, subse-
quently to the application of said Eastman to purchase
said premises and to the making of his proofs and pay-
ments therefor, said defendant sold and conveyed to the
defendant Patrick Russell the said premises, and further
contracted and agreed to make, execute, and deliver to him
a good and sufficient deed of conveyance thereof as soon
as he should receive such patent from the United States,
and from and after the making of such contract the said
Patrick Russell and Mary A. Russell have been and now
are in possession of said lands, as owners, under said con-
tract, and at all times since have been and now are receiv-
ing the rents, issues, and profits thereof, and claiming to
own the same under said contract, the exact terms of which
are unknown to the plaintiff; that prior to the month of
October, 1893, the defendants Patrick and Mary A. Rus-
sell, were jointly and severally indebted to plaintiff in
the sum of about $10,000, evidenced by two promissory
notes secured by a mortgage theretofore made, executed,
and delivered by them to plaintiff upon 960 acres of land
owned by them in said Walla Walla county, and constitut-

ing a first and prior lien thereon, and comprising all the property owned by them not exempt from execution, excepting the 160 acres of land above described, and on said date the right of said Eastman to a patent for said 160 acres of land was being contested in the United States land office by one Benjamin F. Wiseman, under and by virtue of an alleged homestead right therein, and the rights of said Patrick Russell in and to said land were wholly dependent upon the decision in that litigation. That on or about September 28, 1893, the said Patrick and Mary A. Russell were also indebted to the First National Bank of Walla Walla in the sum of about $11,000, evidenced by a promissory note for the sum of $9,810 and interest, made, executed, and delivered by them to said bank on October 14, 1892, which note was further executed by one William O'Donnell as surety, and which was not otherwise secured. That by reason of said indebtedness and other indebtedness of said Patrick and Mary A. Russell they were, on said September 28, 1893, wholly insolvent, and were without any means whatever with which to pay their said debts, or any thereof, except the said property mortgaged to plaintiff, and thereupon, for the purpose of indemnifying the said O'Donnell against loss as surety on said note so executed by him to said bank to the extent of the value of the 160 acres of land above described, the said Patrick Russell and Mary A. Russell, as the equitable owners thereof, caused the said Eastman to make, execute, and deliver to him a deed of conveyance conveying to him the said premises, and on said date the said Patrick and Mary A. Russell made, executed, acknowledged, and delivered to said O'Donnell an agreement whereby, in consideration of the sum of one dollar and other considerations, they agreed to convey to him, by a good and sufficient deed, the said 160 acres of land as soon as they or

either of them should receive title thereto, and the defendant Eastman made, executed, and delivered his deed as aforesaid in pursuance of his contract with the said Patrick Russell to convey to him the legal title thereto in confirmation of the equitable ownership thereof by said Russell, and for the further assurance, on behalf of all of said parties, that the said O'Donnell, his heirs and assigns, should be vested with the full ownership and title thereof for the purpose of securing him against liability on account of said note, to the extent of the value of said lands. That the said O'Donnell took and held said lands thereafter for the purposes aforesaid until he conveyed the same to the plaintiff. That the deed from said Eastman to said O'Donnell was filed and recorded in the office of the auditor of Walla Walla county on October 10, 1893. That on or about October 4, 1893, said note to said bank had or was about to become due, and payment thereof was thereupon demanded by said bank from said Patrick Russell and Mary A. Russell and said O'Donnell, and the said Patrick and Mary A. Russell were then and there wholly insolvent, and unable to pay the same, and thereupon, and on or about said last mentioned day, the plaintiff, the said Patrick Russell and Mary A. Russell, the said bank and the said O'Donnell made and entered into a contract, with the knowledge and consent of said Eastman, wherein and whereby it was mutually covenanted and agreed that the plaintiff should release from his said mortgage and convey and assign to said bank, 480 acres of the 960 acres of land included therein, to be held by the bank as security for its said claim against the defendants Patrick and Mary A. Russell and William O'Donnell, evidenced by said note, and in consideration thereof the said bank agreed to release the said O'Donnell as surety on said note, and to discharge him from all liability on account thereof,

and the said O'Donnell in consideration of such release, and at the request of Patrick and Mary A. Russell, contracted and agreed to convey to the plaintiff the above described 160 acres of land, which he then held as such indemnity; and the said Patrick and Mary A. Russell, in consideration of the premises, and for the purpose of further securing to the plaintiff the said 160 acres of land in lieu of the lands so released from his mortgage, agreed to make, execute, and deliver to the plaintiff all necessary covenants and agreements to fully vest in the plaintiff a valid and subsisting lien upon said 160 acres of land. That on October 4, 1893, in pursuance of the terms and conditions of said contract on their part, the said Patrick and Mary A. Russell executed and delivered to the plaintiff their certain agreement, wherein and whereby they covenanted and agreed, in consideration of one dollar and the mutual agreements in the contract above set forth, to convey to the plaintiff, as soon as their title thereto should be affirmed, the said 160 acres of land, the same to be held by him as security in lieu of the 480 acres so released to said bank, and on said date the plaintiff, relying solely upon the terms of said contract and agreement, and in compliance with the terms thereof, in good faith, and at the special request of said Patrick Russell and Mary A. Russell and said O'Donnell, in consideration of the premises and the mutual covenants and agreements aforesaid, released from his said mortgage and assigned to said bank 480 acres of the 960 acres included in his said mortgage, of the value of $8,000, thereby lessening his security more than one-half, and the said Patrick and Mary A. Russell thereupon ratified and affirmed said assignment to said bank; and in further pursuance of said agreement, and at the instance and request of Patrick and Mary A. Russell and said O'Donnell, the said bank fully released and discharged

the said O'Donnell as such surety on said note, and there-
after held said lands so released from plaintiff's mortgage
and conveyed to it as a valid and subsisting security for
its said claim, and the said O'Donnell in compliance with
the terms of said agreement on his part, and at the instance
and request of said Patrick and Mary A. Russell, made,
executed, and delivered to plaintiff a deed conveying to
him the said lands and premises as security for his said
claim, and in lieu of the lands released from said mort-
gage, which conveyance was duly recorded in the office of
the auditor of Walla Walla county on March 6, 1895.
That the plaintiff received no consideration for the release
of said 480 acres of land from his mortgage, and the as-
signment thereof to said bank, other than the aforesaid
covenants and assurances that he should receive the
said 160 acres in lieu thereof. That on said date the said
Patrick Russell and wife were, and many years prior
thereto had been, in possession of said premises, and
claimed to own the same subject to the lien of said O'Don-
nell so conveyed to plaintiff as aforesaid, and were then
entitled to receive from said Eastman a valid conveyance
thereof as soon as he obtained a patent therefor from the
United States. That the defendants Patrick and Mary A.
Russell have ever since continued and now continue to
occupy, hold, possess, and enjoy said premises and the
rents, issues, and profits thereof, all of which the defend-
ant Eastman well knew and acquiesced in. That said
premises are of the value of less than $3,500. That from
the year 1891 until the close of the year 1895 the litigation
between said Wiseman and the said Eastman was pending
in the United States land office. That in the month of
March, 1896, the plaintiff, without having any knowledge
or notice that said litigation had been decided in favor of
the said Eastman, or that a patent had been issued to him

therefor, and without waiving any of his rights therein or thereto, brought an action in the superior court of Walla Walla county, wherein he was plaintiff and the said Patrick and Mary A. Russell were defendants, upon the two promissory notes executed by them to the plaintiff and for the foreclosure of the mortgage upon the 480 acres of land remaining therein given to secure the same, and for a deficiency judgment; and thereafter, and upon personal service of said defendants with process, such proceedings were had therein that on April 10, 1896, a judgment was duly made and given in said court and cause in favor of the plaintiff and against the said defendants, jointly and severally, for the sum of $12,873.45, with interest thereon from the 12th day of January, 1896, at the rate of ten per cent. per annum until paid, together with $450 attorney's fees and the costs of said action taxed at $22.40, and decreeing that the said 480 acres of land be sold in the manner provided by law, and the proceeds of such sale applied to the satisfaction of said judgment, costs, and attorney's fees; and further decreeing that, in case of a deficiency of said proceeds to satisfy said judgment, costs, and attorney's fees, the same be a joint and several judgment against the said defendants for such deficiency, and be satisfied out of any other property belonging to said defendants, and that execution issue therefor. That under and in pursuance of said judgment and decree the said lands were duly sold in the manner provided by law, and in accordance with said decree, for the sum of $7,500. That thereafter said sale was confirmed, and the said amount duly credited as a payment upon the said decree upon the records of said court in said cause. That no other sum or amount has been paid upon said decree, and there remains due and unpaid thereon the sum of $8,000, with interest thereon from May 1, 1899, at the rate of ten per cent.

per annum, and that the same is a lien upon the lands
herein described, and the plaintiff is entitled to have the
same sold, and the proceeds thereof applied to the pay-
ment thereof. That at the time plaintiff instituted his said
action, and obtained his said judgment, he had no knowl-
edge or notice that the litigation between the defendant
Eastman and the said Wiseman had been determined in
favor of said Eastman, or that a patent had been issued
to said Eastman for said land. · That it was at all times
understood between all of said parties and well known that
the 480 acres of land remaining to the plaintiff would not
satisfy his said claim, and that it would be necessary to
resort to the other premises herein described in addition
thereto, and the plaintiff instituted his said action without
in any manner waiving or releasing the said premises, and
fully intending to enforce his lien against the same so
soon as he had notice or knowledge that he might law-
fully do so; and the plaintiff, by the aforesaid unlawful
acts of the defendants, was prevented from including in
his said suit his lien upon the said 160 acres of land, and
proceeded with said suit without any notice or knowledge
that said Eastman or said defendants had obtained any
right or title thereto. That the defendants Patrick Rus-
sell and Mary A. Russell and each of them, at the time
of the rendition of said judgment against them, were, and
at all times since have been, wholly insolvent, and without
any means or property whatever, excepting the above-
described premises, out of which they could or can satisfy
the balance due on said judgment, or any part thereof, and
unless the plaintiff can enforce said judgment against
said lands it will be wholly lost to him. That upon the
determination of the litigation between the defendants
Eastman and the said Wiseman, and the issue of a patent
to said defendant for said lands, the defendant Eastman,

conspiring with the defendants Patrick and Mary A. Russell, and well knowing the plaintiff's rights in the premises, and with the intent to defeat the plaintiff's lien, and to prevent, hinder, and embarrass him in the enforcement thereof, in pursuance of such conspiracy failed to give the plaintiff any notice thereof, and failed to place on record in Walla Walla county his said patent, and failed and neglected to give to the defendants Patrick or Mary A. Russell any further assurance of their title and ownership of said lands, but, on the contrary, in disregard of plaintiff's rights in the premises, the defendant Eastman, in pursuance of such conspiracy, at a date subsequent to the issuance to him of said patent, and which is unknown to plaintiff, wrongfully and unlawfully made, executed, and delivered to the defendant Mary A. Russell his certain deed conveying to her, as trustee for her said children impleaded herein, the said 160 acres of land, by reason whereof the plaintiff's rights and interest therein are clouded and impaired, and said conveyance constitutes a cloud upon plaintiff's title and estate therein under and by virtue of said conveyance, lien, and agreement. The prayer of the plaintiff is that the conveyance from the said defendant Eastman to the defendant Mary A. Russell be canceled, and that the amount of plaintiff's judgment against the defendants Patrick and Mary A. Russell remaining due and unpaid be decreed to be a first and prior lien upon the said 160 acres of land; that the same be sold in the manner provided by law, and that the proceeds be applied first to the payment of plaintiff's costs in this action, and, second, to the amount due upon said decree, and that the defendants, and each of them, and all persons claiming by, through, or under them, or any of them, be forever barred and foreclosed of all right, claim, or interest therein; that any party to this action

may become a bidder at such sale, and that the purchaser be put into possession of said lands; and for such other and further relief as to the court shall seem just. The defendant Eastman and the defendants Russell separately demurred to this complaint, each on the ground that it failed to state facts sufficient to constitute a cause of action. Both of the demurrers were sustained, and, the plaintiff having elected to stand upon his complaint, the action was dismissed and the plaintiff appealed to this court.

We have set forth the complaint herein *verbatim*, or at least practically so, in order that all the material facts admitted by the demurrers might be readily known and understood. Of course, the mere conclusions of the pleader expressed in the complaint are not admitted by the demurrers, and it will be understood that our subsequent observations will be limited solely to the considerations of the legal effect of the material facts stated, the only question presented for our determination being whether or not the complaint states a cause of action against either or all of the respondents who have demurred thereto. An inspection of the complaint will disclose that it is alleged therein, in effect, that the respondent Patrick Russell was entitled, under and by virtue of the act of Congress forfeiting the land in controversy to the United States, and therein referred to, to purchase the same in the manner provided by said act from the United States, or to sell, assign, and dispose of such right and privilege; that prior to June 15, 1891, the said Russell sold, conveyed, and assigned all his right, title, interest, and privileges in and to the land to respondent Eastman, who thereafter purchased the same and received a patent therefor from the United States; that said Eastman, after he made his final proof in the land office and paid for the

land, sold and agreed to convey the premises, by a good and sufficient deed, to respondent Patrick Russell; that he virtually performed his agreement with Russell by conveying the land at the latter's request to William O'Donnell; that O'Donnell, in compliance with an agreement between himself, appellant, the First National Bank, and the Russells, which is specifically set forth in the complaint, conveyed the premises to appellant as security for the indebtedness secured by the mortgage which he foreclosed, and in which foreclosure he obtained the deficiency judgment mentioned and described in the complaint. This conveyance made by O'Donnell to appellant is conceded to have been, in effect, only a mortgage. In fact, it appears that it was the intention and understanding of appellant and all other parties to the abovementioned agreement, that the land conveyed by O'Donnell should be considered as included in and covered by the mortgage from Russell and wife in lieu of the land released from the mortgage and assigned to the bank. In other words, this 160 acres of land which was conveyed by O'Donnell to appellant was, according to the allegations of the complaint, as we understand it, received by appellant in the place of and as a substitute for the land so released by him. Such was the condition of affairs when the appellant, in the year 1896, proceeded to foreclose his mortgage upon the 480 acres of land only which was originally included therein, and not released therefrom. He obtained a judgment in that action against the mortgagors, Patrick and Mary A. Russell, for the full amount of their indebtedness to him, caused the 480-acre tract to be sold by order of the court, credited the proceeds upon his judgment, and caused a deficiency judgment to be entered for the balance.

Upon his own showing the appellant had the right to include in his foreclosure suit the land here in controversy, and to have the same sold in payment of his judgment; but he failed and neglected to do so, and the question arises, can he now do what he might and should have done then? It is contended by the learned counsel for the respondents, that by failing to foreclose his mortgage upon this 160-acre tract at the time he foreclosed it upon the other tract included therein he thereby waived his lien forever, and can neither foreclose it now nor enforce it in any other manner. And it seems to be conceded, or at least not denied, by the learned counsel for appellant, that such is the general rule; but he claims—if we understand his argument—that it would be inequitable to so hold in this instance for the reason that appellant did not intend to waive his lien on the land in question, but, on the contrary, would have foreclosed his lien thereon if the respondents Eastman and Patrick Russell had not wrongfully and fraudulently concealed from him the result of the contest in the land department of the government between Wiseman and Eastman, and the fact that Eastman had previously obtained a patent for the land. But it appears that the appellant was aware of the pendency of that contest, and of its possible effect upon his title to or lien upon the land involved therein; and it would seem that neither Eastman nor Russell was under any obligations—and especially the former—to disclose the result thereof to appellant. This is especially true in the absence of any showing that appellant ever requested either of these respondents to impart to him the information upon which he would have acted if he had obtained it. And, besides, Eastman had deeded the land to O'Donnell, and the latter had conveyed it to

appellant, long prior to the time of the issuance of the patent, and it therefore follows that neither Eastman nor Patrick Russell had any interest in the land at the time appellant instituted his action to foreclose his mortgage. If, as appellant alleges, the respondent Eastman conveyed the land to Mary A. Russell in trust for her children, such conveyance certainly did not annul the previous deed made by him to O'Donnell, at the instance of Russell, after he had purchased and fully paid for the land and had a perfect legal right to so convey it. Whatever interest he then had passed by his deed to O'Donnell, and, if he acquired any interest in the land thereafter, neither the manner nor the time of his acquiring it is made apparent by any allegation or statement in the complaint. And we are therefore of the opinion that the second deed made by Eastman did not in any wise affect appellant's title to or interest in the land, and that he has no cause for complaint on that account. We are also of the opinion that by failing to foreclose his mortgage upon the land conveyed to him by O'Donnell appellant effectually waived his lien thereon, notwithstanding the reasons alleged for his omission to do so, or his alleged intention in that regard. One having a mortgage on several pieces of land to secure the same debt cannot foreclose it by piecemeal, and if he attempt to do so he waives his lien upon the premises not included in the decree. As was well said by the supreme court of California in *Mascarel v. Raffour,* 51 Cal. 242, "by the foreclosure the mortgage is merged in the judgment, and a new action could not be maintained to foreclose the mortgage as to the omitted lot. A mortgage cannot be foreclosed by piecemeal in that way, and the legal effect of omitting from the decree a portion of the mortgaged premises is a waiver of the

37—28 WASH.

mortgage lien as to that portion. The mortgagor, there-fore, cannot complain of the decree." Nor do we think any of the cases cited by appellant really support his contention, as to the sufficiency of the complaint herein. See *Bull v. Cole,* 77 Cal. 54 (18 Pac. 808, 11 Am. St. Rep. 235); *McArthur v. Magee,* 117 Cal. 126 (45 Pac. 1068); *O'Dougherty v. Remington Paper Co.,* 81 N. Y. 496. The loss of his lien may, and no doubt will, work a hard-ship upon appellant, but, as he shows that it was the result of his own voluntary act, he must abide the consequences.

After a careful consideration of the complaint from every point of view suggested by the learned counsel for appellant, we are constrained to conclude that the judgment of the superior court was right, and it is therefore affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and DUNBAR, JJ., concur.