[No. 15600. Department One. February 27, 1920.]

EDWARD G. WIDMANN, *Respondent*, v.
DANIEL S. HAMMACK *et al.*,
*Appellants.*[1]

MORTGAGES (116, 122)—RELEASE—PAYMENT OF DEBT—RESORT TO OTHER SECURITY. A provision in a mortgage for $3,000, given as additional security for a debt of $21,500, that the mortgage shall be released when $3,000 has been paid on the debt, has reference to a voluntary payment, and not to enforced collection by foreclosing the other security.

SAME (248)—FORECLOSURE—MERGER OF DEBT—BAR OF SUBSEQUENT FORECLOSURE—LAND IN TWO STATES. Where a mortgage upon California land for $21,500 was further secured to the extent of $3,000 by a mortgage for that sum on Washington land, the foreclosure of the California mortgage leaving a deficiency does not merge the debt or extinguish the Washington mortgage for the balance, to the extent of that security.

Appeal from a judgment of the superior court for King county, Brawley, J., entered October 30, 1918, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried on the merits to the court. Affirmed.

*Reeves Aylmore, Jr.*, for appellants.
*Shepard & Long*, for respondent.

MITCHELL, J.—Frances M. Robinson executed and delivered her several promissory notes, aggregating

[1] Reported in 187 Pac. 1091.

the sum of $21,500, payable to Edward G. Widmann. At the same time, and to secure the payment of the notes, she executed and delivered a mortgage in the sum of $21,500, on real property owned by her in the state of California; and in addition at the same time, as a part of the same transaction and to secure the payment in part of the same promissory notes, she executed and delivered a mortgage in the sum of $3,000 on land owned by her in King county, Washington. The transactions occurred in California, where the parties then lived. Subsequently she conveyed the mortgaged land in King county to the defendants in this action. Thereafter, upon maturity and nonpayment of the notes, suit was brought in California upon the notes and for a foreclosure of the mortgage on the property in that state. In that suit there was judgment as prayed for, and a foreclosure sale of all the California property, resulting in a deficiency judgment for $3,488.85. Thereupon this action was brought in the superior court of King county, Washington, upon the deficiency judgment of the California court, not for any personal judgment here, but only to foreclose the mortgage on the King county land in an amount authorized by the terms of the mortgage on the King county land, not in excess of the deficiency judgment of the California court, and foreclosing all rights of the defendants as subsequent purchasers of the King county land. There was a judgment of foreclosure, as prayed for, in the sum of $3,112.05, and costs amounting to $28. Defendants have appealed.

There is no dispute as to the facts. Appellants, noticing a provision of the present mortgage, namely, "that when $3,000 has been paid on the $21,500 debt, then the mortgagee herein will release this mortgage," contend that, because $1,000 was paid on the debt be-

fore suit, and because the sale of the property in California was for an amount in excess of the remainder due on this mortgage, therefore the mortgage here has been satisfied. To the extent of the $1,000 payment, the contention is right, and in fact it was taken care of in the present judgment. Otherwise the contention is without merit; for evidently the payment to effect a release of the mortgage means voluntary payment, and not an enforced collection, of less than the whole debt, by foreclosure suit and sale in California. The mortgage here was given to secure a note of $3,000, which, with other notes, made up the $21,500 mentioned in the California mortgage; and the record shows the sale in California was for an amount not sufficient to satisfy that portion of the total debt, together with interest and costs of suit in California remaining after deducting the amount still due of the $3,000, to secure the payment of which the present mortgage was given.

Further, appellants, citing *Mascarel v. Raffour,* 51 Cal. 242, and *Dooly v. Eastman,* 28 Wash. 564, 68 Pac. 1039, rely on the rule:

"If a mortgage is given on two pieces of land, and the mortgagee enforces it against and sells only one piece, he thereby waives the lien of the mortgage on the other piece; . . ." *Mascarel v. Raffour, supra* [syllabus].

The theory or reason upon which the rule rests is expressed by this court in the *Dooly* case, wherein, quoting from the *Mascarel* case, it was said:

" 'By the foreclosure the mortgage is merged in the judgment, and a new action could not be maintained to foreclose the mortgage as to the omitted lot.' "

But in each of those cases—indeed, in all such cases where the rule has been enforced—the situation was as stated in the *Dooly* case, to the effect that the mort-

gagee had the right to include in the first foreclosure suit the land involved in the second action, and to have the same sold in payment of the judgment, but failed and neglected to do so. Clearly, however, the rule was impossible here. There could have been no merger of the mortgage on land in this state in a judgment obtained in the state of California; nor did the mortgagee have the right to include in the foreclosure suit in California the land here in controversy, or have it sold in payment of a judgment obtained there, for the very plain reason the court in California had no jurisdiction to foreclose a lien upon real property in this state.

The properties are situated in different states, and the merger of the note or notes in a judgment does not extinguish the debt, but simply the form of the evidence of it, and the mortgage here continues to be an enforcible lien until that portion of the debt it was given to secure payment of is satisfied. Jones, Mortgages (7th ed.), § 936; 27 Cyc., pages 1409, 1410; 19 R. C. L., page 436, § 219, "Mortgages."

Finding no error in the case, the judgment is affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.