Vaughan B. CONNELLY, Debtor,
Appellant,

v.

CENTRAL STATES SOUTHEAST AND
SOUTHWEST AREAS PENSION
FUND, Appellee.

No. 19667.

United States Court of Appeals
Fifth Circuit.

March 29, 1963.

Irving M. Wolff, Miami, Fla., for appellant.

Robert C. Ward, Ward & Ward, Miami, Fla., for appellees.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

RIVES, Circuit Judge.

In a proceeding brought by the Trustees for Central States Southeast and Southwest Areas Pension Fund [1] against Vaughan B. Connelly [2] and others to foreclose a mortgage on property in the City of Miami, Dade County, Florida, the district court entered a decree of foreclosure on August 24, 1960. In that decree the district court found the amount of the mortgage debt as of August 19, 1960, exclusive of costs and attorneys' fees, to be the sum of $4,604,257.70, and the amounts of three liens superior to the mortgage as of the same date to be $1,-777.77, $38,699.53 and $1,297.22. The court directed that the Everglades property be sold on September 26, 1960, and retained jurisdiction to assess any deficiencies against Connelly.

Meanwhile, on August 10, 1960, Connelly filed in the same court a petition seeking relief under Chapter XI of the Bankruptcy Act, which was converted into a Chapter XII proceeding. On February 17, 1961, the debtor Connelly peti-

1. Hereafter, Pension Fund.

2. Hereafter, Connelly.

tioned the Referee in Bankruptcy for the entry of an order establishing validity and priority of liens. Pension Fund answered the rule to show cause issued on that petition and claimed an $800,000.00 lien on certain described property in Alexandria, Virginia, hereafter referred to as the Virginia property. This appeal relates solely to the Virginia property.

At the mortgage foreclosure sale Pension Fund had purchased the Everglades property at a bid of $2,500,000.00 to be credited against the mortgage claim. The court had confirmed the sale subject to the amounts due the three prior lien holders. In its answer to the rule to show cause, Pension Fund set forth additional claims of $114,255.00 to be added to the unpaid balance owing under the mortgage.[3]

As debtor in possession, Connelly filed his reply to Pension Fund's answer in which he admitted that the deed of trust on the Virginia property was duly recorded, but called attention to its provision which reads:

"The note secured hereby is given as collateral security for a larger indebtedness secured by real estate in Dade County, Florida, and the indebtedness hereby secured shall be considered paid in full at such time as the sum of One Million Three Hundred Thousand ($1,300,000.00) dollars has been paid on the principal of the indebtedness in Dade County, Florida, hereinabove mentioned."

Connelly's reply continued:

"That by the said Answer it is admitted that the said sum of $2,-500,000 has been credited as payment by virtue of the purchase. Thus by operation of the instruments involved the $800,000 collateral lien should be canceled of record."

Upon the hearing before the Referee, the Pension Fund offered the deed of trust on the Virginia property. The Pension Fund offered also a "Loan and Pledge Agreement" executed as of the date of the deed of trust on the Virginia property and a supplemental agreement, neither of which had been recorded. The "Loan and Pledge Agreement" detailed the terms of the pledge of the deed of trust and of a "Fund" as collateral to further secure a "Note" in the principal sum of $3,300,000.00 secured by a "Mortgage" on the Everglades property and provided:

"The Fund and the Alexandria Mortgage shall be considered in all respects as additional collateral, hereinafter referred to as 'Collateral' for the payment of the Note and shall be held by the Trustee upon the following terms and conditions:

\* \* \* \* \* \* \*

"(e) When the principal of the Note has been reduced to $2,550,-000.00 the Mortgagees will, at the request of the Mortgagors, and if the Mortgagors be not then in default, request the Trustee to release the Fund to the Mortgagors; and when the principal of the Note has been reduced to $2,000,000.00, the Mortgagees will, at the request of the Mortgagors, and if the Mortgagors be not then in default, request the Trustee to release to the Mortgagors the Alexandria Mortgage and terminate the trust.

"(f) The term 'default,' when used in this instrument, shall extend to any default in the Note, the Mortgage, or the Alexandria Mortgage, it being agreed that a default in any shall constitute a default in all.

\* \* \* \* \* \* \*

"No payment of principal or interest shall be required to be made on the Alexandria Mortgage so long as the Mortgagors make payments on the Note promptly as the same become due and payable and otherwise keep and perform the terms, covenants and conditions of the Note and the Mortgage."

The supplemental agreement consented to an increase of the mortgage indebtedness from $3,300,000.00 to $4,300,000.00.

---

3. We do not pass on those claims, their validity or amounts.

The Referee, having reviewed the decree of foreclosure and confirmation of the sale, the deed of trust on the Virginia property, and the agreements, entered his order providing in part:

"Ordered, that in accordance with the final decree entered by the Honorable Emett Choate in the cause entitled Floyd C. Webb, et al. v. Vaughan B. Connelly and M. Louise Connelly, et al., #10,031, the Referee in Bankruptcy has no jurisdiction to try the deficiencies now pending in said cause, inasmuch as the said Final Decree entered therein reserves unto the District Court the right to make a determination of the said deficiencies and the said debtor in possession in the instant cause is directed to apply to said Court for said determination and that nothing herein contained shall have prejudiced the rights of either parties in prosecuting said claim of deficiency. It is further

"Ordered, that from the contents of the Deed of Trust executed January 16, 1959, and duly recorded in the City of Alexandria, Virginia, that the said conditions contained in said Deed of Trust as to the reduction of the indebtedness on the Florida real property having been fulfilled, that the said Francis J. Murtha, et al. as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, are not entitled to a lien on the said Alexandria, Virginia, real property, and that the said Deed of Trust upon the following described property, to-wit:   *   *   *."

The district court, Judge McRae sitting, reversed the order of the Referee, stating:

"The Court is of the opinion that the order of J. B. Booher, Referee in Bankruptcy, of July 24, 1961, holding the lien of the Pension Fund on the above described property as invalid, is in error.

"The term 'payment' as used in the note and deed of trust given by Connelly to the Pension Fund, when given its common and ordinary meaning, was intended by the parties to mean payment of cash to reduce the mortgage indebtedness held by the mortgagor in the normal course of business and pursuant to the terms of the mortgage on the Everglades Hotel, and could not be construed as meaning that when the mortgagee pursues the security of the mortgage after default and sells the security, that the proceeds of such sale applied to the final decree of foreclosure would constitute a payment of the principal indebtedness of the mortgage.

"The pursuing by the mortgagee of his rights against one of several parcels of land given as security for a debt after default by the mortgagor cannot bar the mortgagee's rights to pursue the balance of the security pledged so long as the mortgagee has not realized the full amount due him under the terms of the final decree of foreclosure.

"It is the opinion of this Court that the bid at the foreclosure sale by the Pension Fund did not in any way satisfy or fulfill the conditions of the note and deed of trust given by Connelly to the Pension Fund on the above described property, and that the said note and deed of trust are still valid and in force and effect."

The debtor Connelly now appeals from the judgment of the district court.

Both parties agree that Pension Fund had the burden of establishing the validity, amount and priority of its security. Connelly urges that Pension Fund has failed to meet that burden. Connelly's contention may be summarized as follows. Mortgage foreclosure proceedings are governed by Florida Statute, 20 F.S.A. §§ 702.02 and 702.06, F.S.A. Contrary to what was stated in the Referee's order, the district court failed in the order confirming the master's sale to reserve jurisdiction to assess a deficiency, and such failure precludes the recovery

of any deficiency. Connelly further contends that value of the mortgaged property must be established by the seeking of a deficiency decree after sale.

Whether these contentions are sound under the law of Florida was not clearly presented for review to the district court, and probably is not presented on this appeal. Connelly sought no review of the part of the Referee's order declining to assume "jurisdiction to try deficiencies" and providing that "the said debtor in possession in the instant cause is directed to apply to said Court for said determination and that nothing herein contained shall have prejudiced the rights of either parties in prosecuting said claim of deficiency." The judgment of the district court on the petition for review in no way passed upon the question of deficiency, except that that judgment did adjudge the note and deed of trust on the Virginia property to be a valid lien upon the property in the amount reflected in the note. Since the matter does not go to jurisdiction, and was not clearly raised on petition for review, we doubt whether it can be raised on appeal. See Clemons v. Liberty Savings & R. E. Corp., 5 Cir., 1932, 61 F.2d 448; Supreme Forest Woodmen Circle v. Belton, Texas, 5 Cir., 1938, 100 F.2d 655; 2 Collier on Bankruptcy, 14th ed., § 25, p. 964, n. 5.

▮ Assuming arguendo that it is properly raised, we would comment that the question of a deficiency decree is not involved in the determination of the validity of the deed of trust on the Virginia property. It seems to us that only after the exhaustion of any security given by Connelly to Pension Fund, including the enforcement of the lien on the Virginia property, can the question of any deficiency be determined. Further, so long as the foreclosure sale stands, it establishes the value of the mortgaged property. Tendler v. Gottlieb, Fla.App. 1961, 126 So.2d 308, 309, 310, and authorities there cited.

▮ Connelly insists that, as a debtor in possession, he has the status of a trustee and is not bound by an unrecorded instrument as it affects the status of a recorded lien; citing, Lockhart v. Garden City Bank and Trust Co., 2 Cir. 1940, 116 F.2d 658, 660; Sec. 342, Bankruptcy Act, 11 U.S.C.A. § 742; Sec. 44, Bankruptcy Act, 11 U.S.C.A. § 72; Vol. 8, Collier on Bankruptcy, 14th ed., pp. 173, 792, 798. Pension Fund does not dispute that insistence as an abstract proposition of law, but says that it is inapplicable because the recording of the deed of trust on the Virginia property was enough to put any prudent person upon inquiry to determine the terms of the collateral pledge referred to in the deed of trust; citing, O'Neill v. Cole, 194 Va. 50, 72 S.E. 2d 382 (1952); First Federal Savings and Loan Ass'n of Miami v. Fisher, Fla. 1952, 60 So.2d 496; Chatlos v. McPherson, Fla.1957, 95 So.2d 506. We agree, and hold that Connelly as debtor in possession is bound by terms of the "Loan and Pledge Agreement" and of the "Supplemental Agreement."

▮ Even if that were not true, the condition of the deed of trust itself has not been met. For convenience, we repeat that condition:

" * * * The note secured hereby is given as collateral security for a larger indebtedness secured by real estate in Dade County, Florida, and the indebtedness hereby secured shall be considered paid in full at such time as the sum of One Million Three Hundred Thousand ($1,300,- 000.00) dollars has been paid on the principal of the indebtedness in Dade County, Florida, hereinabove mentioned."

On this subject we would add only a few thoughts to those already so well expressed by Judge McRae. Connelly's position is contrary to the obvious intention of the parties as expressed in the deed of trust. In effect, Connelly urges that he should benefit from his own default and breach of the mortgage agreement. Pension Fund has found one case directly in point to the proposition that payment to effect a release of a mortgage means voluntary payment and not an

enforced collection by foreclosure of less than the whole debt. Widmann v. Hammack, 110 Wash. 77, 187 P. 1091, 42 A.L.R. 468. See also, 3 Jones on Mortgages, 8th ed., para. 2094, p. 570. We agree.

No error appearing, the judgment is Affirmed.