198 So.2d 336 (1967)
SEA ISLE OPERATING CORPORATION, a Florida Corporation, Appellant,
v.
David HOCHBERG et al. Appellees.
No. 66-674.
District Court of Appeal of Florida. Third District.
May 2, 1967.
*337 Bolles, Goodwin & Ryskamp, Miami, Sponder & Bloom, North Miami, for appellant.
Ward, Ward, Straessley, Hiss & Kluttz, Miami, for appellees.
Before HENDRY, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
Appellant seeks review of a final decree entered in an interpleader action. Said decree held the claim of the appellees, David R. Hochberg, et al, superior to the claims of the appellant.
The appellant corporation owned the Sea Isle Hotel and gave a note secured by a mortgage on said property to the Hochberg interests in a amount in excess of $1,302,635.65. The hotel was damaged by hurricane "Cleo". Subsequent thereto, the Hochberg interests foreclosed the mortgage. The insurance coverage for the loss during the hurricane was not adjusted or settled prior to foreclosure and sale of the property. The final decree of foreclosure awarded the Hochberg interests the sum of $1,302,635.65 and, at the foreclosure sale, they purchased the property for $1,000,000.00. No deficiency decree was sought in the foreclosure action, and no common law suit to recover on the note has been instituted to obtain a judgment for the difference between the foreclosure sale price and the amount awarded in the final decree. See: First Fed. S. & L. Ass'n v. Consolidated Develop. Corp., Fla. 1967, 195 So.2d 856. Beneficial Fire & Casualty Company filed the instant interpleader action, to which the appellees, Hochberg, et al [and others] filed a claim. The Hochberg interests based their claim on the provisions of the mortgage previously foreclosed which held, in part, that in the event any sum of money becomes payable under such policy or policies [windstorm] the mortgagee shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit the mortgagor to receive and use it.[1] After hearing the cause, the trial court entered the final decree appealed herein. We affirm.
The right to receive the insurance proceeds was fixed at the time of the loss, and subsequent foreclosure proceedings could not have extinguished this right unless the debt evidenced by the note and mortgage was discharged in full. See: Atlantic & Gulf Properties, Inc. v. Palmer, Fla.App. 1959, 109 So.2d 768; Langford v. Bond Realty Corporation, 5th Cir.1931, 47 F.2d 480; Rosenbaum v. Funcannon, 9th Cir.1962, 308 F.2d 680; Connelly v. Central States, etc., Pension Fund, 5th Cir.1963, 315 F.2d 683; 59 C.J.S. Mortgages § 519; 5 Couch on Insurance 2d, § 29:75.
Therefore, the final decree here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] "* * * in the event any sum of money becomes payable under such policy or policies, the mortgagee shall have the option to receive and apply the same on account of the indebtedness hereby secured, or to permit the mortgagor to receive and use it, * * *".