237 So.2d 23 (1970)
LUTHERAN BROTHERHOOD, Appellant,
v.
J.H. HOOTEN and Janet Hooten, His Wife, General Guaranty Insurance Company, Superior Fertilizer and Chemical Company, and First National Bank and Trust Company of Eustis, Appellees.
No. 69-569.
District Court of Appeal of Florida, Second District.
June 10, 1970.
Rehearing Denied July 23, 1970.
Fletcher G. Rush, and P. Thomas Boroughs, of Rush, Marshall & Bergstrom, Orlando, for appellant.
Robert E. Austin, Jr., Leesburg, W.B. Hunter, Tavares, and Walter Warren, Leesburg, for appellees, J.H. and Janet Hooten.
Harold A. Ward, III, Winter Park, for appellee, General Guaranty Insurance Co.
F. Ronald Fraley, Tampa, for appellee, Superior Fertilizer and Chemical Co.
Robert A. Stebbins, Eustis, for appellee, First National Bank and Trust Co.
HOBSON, Chief Judge.
On February 11, 1966, a fire occurred destroying and damaging certain real and personal property owned by appellees J.H. Hooten and Janet Hooten, his wife, and insured by appellee General Guaranty. The real property was subject to a first mortgage in favor of appellant Lutheran Brotherhood, a second mortgage in favor of appellee Superior Fertilizer, and another mortgage, inferior to each of these, in favor of appellee First National Bank. None of these mortgages constituted a lien on the personal property insured by General Guaranty. Subsequent to the fire, Lutheran Brotherhood commenced an action to foreclose its mortgage. On November 21, 1966, a decree of foreclosure was entered directing that the real property be sold. Lutheran Brotherhood purchased the real property at the foreclosure sale for an amount less than the amount of the Hootens' indebtedness as established *24 by the final decree. Thereafter, Lutheran Brotherhood applied for a judgment, representing the difference between the amount of the indebtedness and the amount bid by Lutheran Brotherhood for the property at the foreclosure sale. This deficiency judgment was rendered on January 5, 1967, and has never been satisfied.
The instant case was initiated by the Hootens who brought a claim against General Guaranty for the proceeds from the insurance policy covering the property. General Guaranty then filed a counterclaim for interpleader against Lutheran Brotherhood, First National Bank and Superior Fertilizer on the grounds that each claimed an interest in the proceeds from the policy. The interest claimed by appellant Lutheran Brotherhood was based upon a mortgage loss payable clause in the fire insurance policy which provided in part:
"Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee), and named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee) * * *"
The lower court, by its order of September 2, 1969, found that Lutheran Brotherhood had no right, nor interest, in the proceeds from the insurance policy. Lutheran Brotherhood, said the court, had previously foreclosed its mortgage upon the subject property and obtained a deficiency decree therein, and such action constituted the election of a remedy inconsistent with that which it was pursuing in the instant case and barring Lutheran Brotherhood from asserting a claim against the insurance proceeds. It was from this ruling, stated by the court to be a final adjudication of the rights of Lutheran Brotherhood, that it took this appeal. We reverse.
We do not perceive the case sub judice as one which fits squarely into the election of remedies category. The trial court relied heavily on Provost v. Swinson, 109 Fla. 42, 146 So. 641 (1933), which held that once a mortgagee files a suit in equity to foreclose his mortgage, and prays for a deficiency decree therein, he is barred from later proceeding at law on the notes which were secured by the mortgage. See also, State ex rel. Teague v. Harrison, 138 Fla. 874, 190 So. 483 (1939); but see, Klondike, Inc. v. Blair, Fla.App.4th 1968, 211 So.2d 41 (suit on notes brought first). We do not quarrel with this statement of the law, but are of the view that it does not cover the situation in the case at bar.
Appellant Lutheran Brotherhood undoubtedly did bar itself from bringing a suit at law on the notes by foreclosing its mortgage and obtaining a deficiency decree. However, Lutheran Brotherhood's right to recover under the policy of insurance became fixed at the time of loss. Sea Isle Operating Corp. v. Hochberg, Fla.App.3d 1967, 198 So.2d 336, 337; 5 Couch on Insurance 2d § 29:75 (1960). This right could not be lost until the entire debt was satisfied in full. See Sea Isle Operating Corp. v. Hochberg, supra; Rosenbaum v. Funcannon, 9th Cir.1962, 308 F.2d 680, 685; Lea v. Liverpool & London & Globe Ins. Co., 243 F. Supp. 547, 548 (W.D.Va. 1965); Northwestern Nat'l. Ins. Co. v. Mildenberger, 359 S.W.2d 380 (St. Louis Ct.App. 1962); Glen Cove Trust Co. v. Trypuc, 110 N.Y.S.2d 368, 371 (S.Ct. 1952), aff'd, 281 App.Div. 1034, 121 N.Y.S.2d 278 (App.Div. 1953); 5 Couch on Insurance 2d § 29:76 (1960).
The reason that mortgagees require mortgagors to obtain insurance on the mortgaged premises is to provide additional security for the debt. If we were to hold that appellant Lutheran Brotherhood was barred from receiving the portion of the insurance proceeds it is entitled to because it had already availed itself of one of its security devices (foreclosure and deficiency judgment), we would frustrate Lutheran Brotherhood's attempt to provide itself with additional security. We would in effect be saying that mortgagees can have as many different types of security they want, but *25 once they use one security device, they would be barred from using any others to recover the unsatisfied part of the debt. This we will not do.
There is certainly nothing inconsistent between Lutheran Brotherhood's foreclosure and obtaining a deficiency judgment, on the one hand, and its attempt to collect the amount of the unsatisfied debt evidenced by a deficiency judgment out of the insurance proceeds on the other hand. There are neither inconsistent factual allegations nor inconsistent legal theories. Therefore, it is only the satisfaction of the entire mortgage debt that will bar Lutheran Brotherhood's claim on the insurance proceeds. Klondike, Inc. v. Blair, Fla.App. 4th 1968, 211 So.2d 41. Of course, appellant is entitled to only one satisfaction.
Reversed and remanded.
MANN and McNULTY, JJ., concur.