Albert H. Mickler, Jacksonville, FL, for plaintiffs.

Daniel Hicks, Ocala, FL, Valerie Hall Manuel, Jacksonville, FL, for defendant.

**In re Robert H. CAYER and
Jane M. Cayer, Debtors.**

**Robert H. CAYER and Jane
M. Cayer, Plaintiffs,**

v.

**MID–STATE FEDERAL SAVINGS
BANK, f/k/a Mid–State Federal Savings and Loan Association, Defendant.**

Bankruptcy No. 91–1997–BKC–3P1.
Adv. No. 92–1366.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 22, 1993.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon Motions for Summary Judgment filed by the plaintiffs and the defendant. A hearing was held on November 25, 1992. The parties agree there are no genuine issues of material fact and that this proceeding may be determined on the filed papers. The Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Plaintiffs owned a thirty-two unit apartment project in Ocala, Florida. On June 30, 1986, they executed a promissory note and first mortgage on the property in favor of defendant.

The mortgage required the plaintiffs to maintain fire and casualty damage insurance on the property, stating:

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included with the term "extended coverage", and such other hazards as Lender may require in such amounts and for such periods as Lender may require; provided, that Lender shall not require that the amount of such coverage exceed that amount of coverage required to pay the sums secured by this Mortgage.

\* \* \* \* \* \*

All insurance policies and renewals thereof shall be in form acceptable to Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, and Borrower shall promptly furnish to Lender all renewal notices and all receipts of paid premiums. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender and Lender may make proof of loss if not made promptly by Borrower.

In the event of loss, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to Borrower, provided that Lender may, at Lender's option, permit such insurance proceeds to be applied to restoration or repair of the Property damaged, provided such restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

... If in consequence of foreclosure or otherwise the Property is acquired by Lender, all right, title and interest of Borrower in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to Lender to the extent of the sums secured by this Mortgage immediately prior to such sale or acquisition.

On February 16, 1991, the property suffered storm damage, prompting plaintiffs to file a claim with State Farm Fire and Casualty Company ("State Farm").

Plaintiffs filed a petition for relief under chapter 11 of the Bankruptcy Code on April 22, 1991.

Between March, 1991, and January, 1992, State Farm issued four checks totalling $30,724.10 to pay for storm related damages. The checks require endorsement by both plaintiffs and defendant.

On May 20, 1991, this Court entered an Order Granting Adequate Protection finding that the debt owed to defendant was in excess of $570,000.00 and the market value of the property was $425,000.00. Plaintiffs were required to pay $5,000.00 a month to defendant as adequate protection.

Plaintiffs failed to make the adequate protection payments as ordered, and the stay was lifted on November 27, 1991. Defendant proceeded with its action, and on January 31, 1992, obtained a Summary Final Judgment of Foreclosure finding the total amount due by plaintiffs to defendant of $625,456.68.

Defendant purchased the property at the foreclosure sale and received a certificate of title dated March 25, 1992. The sale price was less than the amount due under the mortgage. Subsequently, defendant sold the property to a third party for $495,000.00.

*Conclusions of Law*

This proceeding has come before the Court on competing motions for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable by Federal Rule of Bankruptcy Procedure 7056, mandates that summary judgment shall only be entered if the pleading, depositions, and other evidence demonstrate that "there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."

The Court, having reviewed the pleadings and affidavits, finds that no genuine issue of material fact exists, and this adversary proceeding is ripe for resolution based on the pending summary judgment motions.

Plaintiffs allege two grounds for recovery. Count 1 seeks turnover under § 542 and entry of a judgment permitting plaintiffs to cash the checks without defendant's endorsement. Count 2 seeks a declaratory judgment that the checks are estate property free of any interest of defendant.

Plaintiffs base the two counts of action on the doctrines of merger and *res judicata*. First, they argue that when defendant obtained the Final Judgment of Foreclosure, the mortgage merged into the Judgment and ceased to be an instrument on which defendant could bring an independent cause of action. Additionally, they argue that defendant's failure to proceed against the insurance funds in the foreclosure action prevents a subsequent claim to the funds.

Finally, plaintiffs contend that because the claim for insurance proceeds and the real property rights both arose out of the mortgage, the causes of action are identical and the doctrine of *res judicata* precludes further litigation concerning the mortgage. Consequently, plaintiffs maintain that defendant's claim to the insurance proceeds is barred.

Defendant asserts that neither merger nor *res judicata* are applicable. Instead, defendant cites Florida law to support the proposition that the mortgagee's right to insurance funds is set at the time of the loss and later foreclosure proceedings cannot extinguish such right, unless the underlying debt was discharged in full. *Sea Isle Operating Corporation v. Hochberg*, 198 So.2d 336 (Fla.Dist.Ct.App.3d Dist.1967).

Defendant maintains that under the terms of the mortgage it was entitled to apply the insurance proceeds to the mortgage debt. It argues that the subsequent foreclosure did not affect its right to such funds, because the full amount of the debt was not discharged by the foreclosure action. Accordingly, defendant contends that it is entitled to apply the amount of the insurance proceeds to its deficiency claim.

The Court concurs with the defendant and finds that the *Sea Isle* case, rather than the doctrines of merger and *res judicata*, governs the resolution. *Sea Isle* was an interpleader action by an insurer seeking determination of the disposition of insurance proceeds. The Hochberg interests held a mortgage on the Sea Isle Hotel which was damaged in hurricane Cleo. Hochberg foreclosed the mortgage and the insurance proceeds were not settled before the sale of the property. The sales price brought substantially less than the amount owed to the Hochberg interests, but no deficiency decree was sought.

As in the instant case, the Sea Isle mortgage gave the mortgagee the option of applying insurance proceeds to the secured debt or permitting the mortgagor to use such funds. The court held that "The right to receive the insurance proceeds was fixed at the time of the loss, and subsequent foreclosure proceedings could not have extinguished this right unless the debt evidenced by the note and mortgage was discharged in full." *Id.* at 337.

For purposes of determining the party entitled to receive the insurance proceeds, the *Sea Isle* case is factually indistinguishable from the instant proceeding. Both involve competing claims to insurance funds subsequent to a foreclosure sale that failed to bring a price sufficient to cover the full amount of the mortgage debt. Additionally, the two situations involve similar mortgage provisions granting the mortgagee the right to determine how the insurance monies are to be applied. As in the *Sea Isle* case, this Court finds that defendant's right to the insurance proceeds was fixed at the time of the loss and the subsequent foreclosure failed to extinguish such right. *See, In re J & L Transport, Inc.*, 62 B.R. 418 (Bankr.W.D.Wis.1986); *In re Larter N.V.*, 49 B.R. 751 (Bankr.S.D.Fla.1985).

The Court also finds that this result is also dictated by the terms of the mortgage.

The last paragraph of the Hazard Insurance section states that if the Lender obtains the property through foreclosure, any right of Borrower to insurance due to damage before the sale passes to Lender, to the extent of the debt.

Since defendant's right to the insurance proceeds was fixed at the time of the loss and remains unaltered, defendant is entitled to recover such funds. A separate summary judgment in favor of defendant will be entered.